Daniel M. Hattis (WSBA #50428)
Che Corrington (WSBA #54241)
Paul Karl Lukacs (Pro Hac Vice forthcoming)
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com
Email: dan@hattislaw.com
Email: che@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq. (Pro Hac Vice forthcoming)
Shane T. Prince, Esq. (Pro Hac Vice forthcoming)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA NEMYKINA, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; THE GAP, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE WASHINGTON CONSUMER PROTECTION ACT, THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, THE CALIFORNIA FALSE ADVERTISING LAW, AND THE CALIFORNIA UNFAIR COMPETITION LAW<br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **1** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

Plaintiff ANNA NEMYKINA, individually, as a private attorney general, and/or on behalf of all others similarly situated, alleges as follows, on personal knowledge and/or on the investigation of her counsel, against Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively, "Old Navy"), and Defendants Does 1-20, inclusive (collectively, together with Old Navy, "Defendants"):

## I.   INTRODUCTION AND SUMMARY

1. Old Navy calls itself "one of the fastest-growing apparel brands in the U.S. and category leader in family apparel." Almost all the items offered by Old Navy are branded as "Old Navy" products, and are exclusively offered by Old Navy. Approximately 80% of Old Navy's $7.2 billion annual U.S. sales are in its brick-and-mortar Old Navy and Old Navy Outlet stores, and the remaining 20% of its sales are online on its retail website.

2. For years, Old Navy has perpetrated a massive false discount advertising scheme across nearly all of its Old Navy-branded products across all of its sales channels (i.e, on the Old Navy website and in all of its brick-and-mortar Old Navy and Old Navy Outlet stores). Old Navy advertises perpetual or near perpetual discounts (typically a purported savings of 30% to 60% off) from Old Navy's self-created list prices for the products. Old Navy represents its list prices to be the "regular" and normal prices of the items, and the list prices function as reference prices from which the advertised discounts and percentage-off sales are calculated.

3. Old Navy's discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price. Old Navy invents inflated and fictitious list prices in order to enable it to advertise perpetual website-wide and store-wide "sale" events and product discounts to induce customers to purchase its products. Old Navy's marketing plan is to trick its customers into believing that its products are worth, and have a value equal to, the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's usual and normal selling price for the product.

4. Old Navy's nationwide fraudulent advertising scheme harms consumers like Plaintiff Anna Nemykina, who purchased falsely discounted products on Old Navy's website

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **2** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

from her home in Washington State, by causing them to pay more than they otherwise would have paid and to buy more than they otherwise would have bought. Customers do not enjoy the actual discounts Old Navy represents to them, and the products are not in fact worth the inflated amount that Old Navy represents to them (i.e., the products are not actually worth the fictitious and invented list price).

5. Consequently, Plaintiff brings this action individually on her own behalf as a deceived Old Navy customer; as a private attorney general seeking the imposition of public injunctive relief against Defendants; and as a representative plaintiff on behalf of a class of Washington State consumers who purchased falsely discounted products on Old Navy's website seeking, among other things, to recover damages and/or that Defendants be ordered to disgorge all revenues they have unjustly received from the proposed Class due to their intentional and unlawful pattern and practice of using false reference prices and false discounts.

## II.    PARTIES

6. Plaintiff Anna Nemykina is a citizen of Washington State and an individual and a natural adult person who resides in King County, Washington.

7. Defendant Old Navy, LLC, is a wholly-owned subsidiary of The Gap, Inc., and is a limited liability company chartered under the laws of the State of Delaware. Old Navy, LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

8. Defendant Old Navy (Apparel), LLC, is a wholly-owned subsidiary of GPS Services, Inc., and is a limited liability company chartered under the laws of the State of California. Old Navy (Apparel), LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

9. Defendant Old Navy Holdings, LLC, is a limited liability company chartered under the laws of the State of California. Old Navy Holdings, LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **3** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

10.     Defendant GPS Services, Inc., is a wholly-owned subsidiary of The Gap, Inc., and is a corporation chartered under the laws of the State of California. GPS Services, Inc., currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

11.     Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively, "Old Navy"), own and/or operate a retail website http://oldnavy.gap.com, by which Defendants advertise and sell their goods, with said website being regularly seen and used by Washington consumers and consumers throughout the United States to purchase goods from Old Navy. Defendants also own and/or operate approximately 1,100 brick-and-mortar Old Navy and Old Navy Outlet retail stores throughout the United States, including 29 in the State of Washington.

12.     Defendants Doe 1 through Doe 20, inclusive, aided and/or abetted Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and/or The Gap, Inc., in such a manner that Doe 1 through Doe 20, inclusive, are each directly, contributorily, vicariously, derivatively and/or otherwise liable for the acts or omissions of Old Navy pled herein. Plaintiff is currently unaware of the true identities of Does 1 through Doe 20, inclusive; upon learning the true identities of Does 1 through Doe 20, inclusive, Plaintiff anticipates either freely amending the operative complaint or requesting leave from the Court to amend the operative complaint.

## III.   JURISDICTION AND VENUE

13.     **Subject Matter Jurisdiction.** The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) — i.e., traditional diversity jurisdiction — because the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different states.

14.     The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2) — i.e., Class Action Fairness Act jurisdiction — because the amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs) and is a

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **4** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

15.     **Personal Jurisdiction.** This Court may exercise personal jurisdiction over each of the defendants pursuant to Washington State's long-arm statute, RCW 4.28.185. This Court may exercise personal jurisdiction over out-of-state Defendants because the claims alleged in this civil action arose from, without limitation, the transaction by Defendants of any business within the State of Washington (and/or within the Western District of Washington), and/or the commission by Defendants of a tortious act within the State of Washington (and/or within the Western District of Washington).

16.     This Court may exercise personal jurisdiction over out-of-state Defendants to the fullest extent allowed under the federal due process clause. Defendants have certain minimum contacts with the State of Washington (and/or with the Western District of Washington) such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. As alleged in this pleading, Defendants have and continue to purposefully do some act or consummate some transactions in the State of Washington (and/or in the Western District of Washington), Plaintiff's claims arise from and/or are connected with said act or transactions of Defendants, and the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the State of Washington (and/or in the Western District of Washington), the relative convenience of the parties, the benefits and protection of laws of the State of Washington afforded the respective parties, and the basic equities of the situation.

17.     Old Navy owns and operates about 29 Old Navy and Old Navy Outlet retail stores in the State of Washington. Old Navy operates a website, www.oldnavy.gap.com by which Old Navy advertises and sells its goods, with said website being regularly seen by Washington and Western District consumers and being regularly used by Washington and Western District consumers to purchase goods from Old Navy.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **5** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

18.     **Venue.** Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b) because, without limitation, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Washington. For example, but without limitation, Plaintiff Nemykina was in King County, Washington, when she saw the false discount representations on the Old Navy website and placed her order on the website after relying on the false discount representations on the website.

19.     **Intra-District Assignment.** Plaintiff Nemykina resides in King County and purchased the products which are the subject of this lawsuit online from Old Navy's website while in King County, which is within the Western District of Washington.

## IV.   FACTUAL ALLEGATIONS OF OLD NAVY'S NATIONWIDE SCHEME

20.     Old Navy, which is headquartered in San Francisco, California, is a popular retailer which calls itself "one of the fastest-growing apparel brands in the U.S. and category leader in family apparel." Old Navy currently operates approximately 1,100 brick-and-mortar Old Navy and Old Navy Outlet retail stores throughout the United States, including 29 in the State of Washington. Old Navy also operates a retail website at http://oldnavy.gap.com, by which Old Navy advertises and sells its goods, which is regularly seen and used to purchase goods from Old Navy by consumers in Washington and throughout the United States. Approximately 80% of Old Navy's $7.2 billion annual U.S. sales are in its brick-and-mortar Old Navy and Old Navy Outlet stores, and the remaining 20% of its sales are online on its retail website.

21.     Almost all the items offered by Old Navy are branded as "Old Navy" products and are exclusively offered by Old Navy on its website and in its retail stores. I.e., the products offered by Old Navy are not offered by, and are not available from, any other retailer. Old Navy markets its products via its website, its company-owned retail stores, Internet advertising, email campaigns, television advertising, print newspaper and magazine advertising, and direct mail.

22.     In significant part, however, Old Navy's growth and profitability have been the product of a massive false discount advertising scheme. Old Navy advertises perpetual or near

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **6** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

perpetual discounts (typically a purported savings of 30% to 60% off) from Old Navy's self-created list prices for its products. Old Navy represents its list prices to be the "regular" and normal prices of its products, and the list prices function as reference prices from which the advertised discounts and percentage-off sales are calculated.

23.     Old Navy's discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price. Old Navy invents inflated and fictitious list prices out of thin air in order to enable it to advertise perpetual website-wide and store-wide "sale" events and product discounts to induce customers to purchase its products. Old Navy's marketing plan is to trick its customers into believing that its products are worth and have a value equal to the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's usual and normal selling price for the product.

24.     Decades of academic research has established that the use of reference prices, such as those utilized by Old Navy, materially impacts consumers' behavior. A reference price affects a consumer's perception of the value of the transaction, the consumer's willingness to make the purchase, and the amount of money the consumer is willing to pay for the product.[1]

25.     When a reference price is bona fide and truthful, it may help consumers in making informed purchasing decisions. In contrast, consumers are harmed when retailers, such

_____

[1] See, *e.g.*, Rajesh Chandrashekaran & Dhruv Grewal, *Assimilation of Advertised Reference Prices: The Moderating Role of Involvement*, 79 J. Retailing 53 (2003); Pilsik Choi & Keith S. Coulter, *It's Not All Relative: The Effects of Mental and Physical Positioning of Comparative Prices on Absolute Versus Relative Discount Assessment*, 88 J. Retailing 512 (2012); Larry D. Compeau & Dhruv Grewal, *Comparative Price Advertising: An Integrative Review*, 17 J. Pub. Pol'y & Mktg. 257 (1998); Larry D. Compeau, Dhruv Grewal & Rajesh Chandrashekaran, *Comparative Price Advertising: Believe It or Not*, 36 J. Consumer Aff. 284 (2002); David Friedman, *Reconsidering Fictitious Pricing*, 100 Minn. L. Rev. 921 (2016); Dhruv Grewal & Larry D. Compeau, *Consumer Responses to Price and its Contextual Information Cues: A Synthesis of Past Research, a Conceptual Framework, and Avenues for Further Research*, in 3 Rev. of Mktg. Res. 109 (Naresh K. Malhotra ed., 2007); Daniel J. Howard & Roger A. Kerin, *Broadening the Scope of Reference Price Advertising Research: A Field Study of Consumer Shopping Involvement*, 70 J. Mktg. 185 (2006); Aradhna Krishna, Richard Briesch, Donald R. Lehmann & Hong Yuan, *A Meta-Analysis of the Impact of Price Presentation on Perceived Savings*, 78 J. Retailing 101 (2002); Balaji C. Krishnan, Sujay Dutta & Subhash Jha, *Effectiveness of Exaggerated Advertised Reference Prices: The Role of Decision Time Pressure*, 89 J. Retailing 105 (2013); and Tridib Mazumdar, S. P. Raj & Indrahit Sinha, *Reference Price Research: Review and Propositions*, 69 J. Mktg. 84 (2005).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE PAGE **7** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

as Old Navy, advertise their products with inflated false reference prices. The false reference prices deceive consumers, deprive consumers of a fair opportunity to accurately evaluate the offer, and result in purchasing decisions based on false pretenses.

26.     False reference pricing such as that employed by Old Navy causes consumers to pay more than they otherwise would have paid for products. False reference pricing also fraudulently increases consumer demand for products, enabling retailers to charge higher prices than they otherwise could have charged.

27.     Beyond the adverse impact upon consumers' welfare, the practice of employing false reference pricing also negatively affects the integrity of competition in retail markets. A retailer's use of false reference prices constitutes an unfair method of competition, injuring honest competitors that sell the same or similar products, or otherwise compete in the same market, using valid and accurate reference prices. Businesses who play by the rules—and the investors in those businesses—are penalized if the unlawful advertising practices of their competitors go unchecked.

28.     Washington and California law, as well as federal regulations, prohibit false reference pricing practices such as those perpetrated by Old Navy. Washington's Unfair Competition law generally forbids unfair business practices and false advertising (i.e., RCW 19.86.090). California's Unfair Competition Law and False Advertising Law likewise forbid unfair business practices and false advertising (i.e., Cal. Bus. and Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*). Regarding sales to consumers for household purposes, the California Consumers Legal Remedies Act prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13).

29.     The United States Court of Appeals for the Ninth Circuit has recognized the abuses that flow from false reference pricing practices: "Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain, therefore have an incentive to lie to their customers by falsely claiming that their products have

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **8** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price. Because such practices are misleading—and effective—the California legislature has prohibited them." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013).

30.     The California Court of Appeal has likewise recognized the importance of false reference price advertising statutes in protecting consumers: "Our Legislature has adopted multiple statutes that specifically prohibit the use of deceptive former price information and misleading statements regarding the amount of a price reduction. … These statutes make clear that … our Legislature has concluded 'reasonable people can and do attach importance to [a product's former price] in their purchasing decisions.' (alterations in original) (quoting Kwikset Corp. v. Superior Court, 246 P.3d 877, 892 (Cal. 2011))." *Hansen v. Newegg.com Americas, Inc.*, 25 Cal.App.5th 714, 730 (2018).

31.     The Federal Trade Commission ("FTC") has also described what constitutes false reference pricing practices:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious -- for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction -- the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such cases, the "reduced price" is, in reality, probably just the seller's regular price.

16 C.F.R § 233.1.

32.     Old Navy's false discounting scheme is similar in all material respects to the deceptive practices described and prohibited by these false reference pricing laws and regulations.

33.     Plaintiff's allegations concerning Old Navy's false discount advertising scheme are based on a comprehensive investigation by Plaintiff's counsel of Old Navy's pricing practices for several years. Plaintiff's counsel has been monitoring and scraping Old Navy's website on an automated daily basis with a proprietary software program since October 15,

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **9** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

2017. Plaintiff's counsel has compiled and extracted daily pricing and marketing data from the website for nearly all of the products Old Navy has offered during this time. In total, Plaintiff's counsel has assembled and analyzed a comprehensive historical database of daily prices and time-stamped screenshots of approximately 6.2 million daily offerings for approximately 49,379 products over this more than two-year period. For the earlier period 2015 through October 14, 2017, Plaintiff's counsel has also reviewed hundreds of historical screenshots at the Internet Archive (also called the Wayback Machine) at www.archive.org. Plaintiff's counsel's review of historical Old Navy screenshots at the Internet Archive found that Old Navy's false advertising practices were substantially the same during the 2015 through October 14, 2017 period as they were for the period tracked by Plaintiff's counsel since October 15, 2017.

34.      Plaintiff's counsel's exhaustive big-data analysis of millions of data points over a more than two-year period for approximately 50 thousand products shows that Old Navy's advertised website-wide "sale" events and advertised percentage-off and dollar discounts are false, and that its list prices (i.e., reference prices) from which the discounts are calculated are false and inflated. For many products, Old Navy never or almost never offers the products at the list price. For most of its products, Old Navy typically offers the products at the list price less than ten percent of the time.

35.      Plaintiff anticipates that Old Navy may argue that while Old Navy may have rarely or never offered its products at the list price on its website, Old Navy may nonetheless have, in theory, "established" the list price by sales at the list price in its brick-and-mortar retail stores. However, this defense does not hold water. Plaintiff's counsel has also investigated brick-and-mortar Old Navy and Old Navy Outlet retail stores and has found that Old Navy's false discount practices and product pricing are substantially the same both online and in-store. Virtually all the products that Old Navy offers in its brick-and-mortar retail stores are also available and advertised on the Old Navy website. Based on the investigation of Plaintiff's counsel, Old Navy offers and advertises these products with identical list prices and at substantially the same sale prices both on the Old Navy website and in Old Navy and Old Navy

Outlet brick-and-mortar stores in Washington and throughout the nation.

36.     For example, the images below demonstrate how Old Navy's list prices, sales prices, and advertised purported discounts are substantially the same both online and in-store:

**"Old Navy" Store**
**San Francisco on May 22, 2019**

**Old Navy Website**
**May 22, 2019**

Mid-Rise Rockstar Super Skinny Step-Hem Jeans
Sale Price: $24.00; List Price $39.99

Mid-Rise Rockstar Super Skinny Step-Hem Jeans
Sale Price: $24.00; List Price $39.99

37.     The left photograph was taken at the Old Navy mainline store in San Francisco, California, on May 22, 2019. It shows Old Navy was offering the Mid-Rise Rockstar Super Skinny Step-Hem Jeans "**NOW** 40% off" from the "REG." price of $39.99. The purported regular price, i.e., the list price, of $39.99 is printed on both the signage and on the price tag attached to the jeans. The right screenshot was taken the same day on May 22, 2019, on the Old Navy website on the product webpage for the same pair of jeans. On the website, Old Navy advertises the identical $39.99 reference price (with a strike-through), and advertises the identical $24.00 "sale" price (calling it a "Hot Deal!").

38.     The price and discount representations regarding the jeans on the in-store signage and price tag, and on the product webpage on the Old Navy website, are false and

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **11** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

misleading because based on Plaintiff's counsel's data, the purported "sale" price is in fact

approximately equal to Old Navy's usual selling price for the jeans, and the jeans are not in fact

worth, and do not have a value equal to, the $39.99 list price.

39.    Below is another example demonstrating how Old Navy's list prices, sales

prices, and advertised purported discounts are substantially the same both online and in-store:



**"Old Navy" Store**
**Bellevue, WA on April 19, 2019**

**Old Navy Website**
**April 19, 2019**

Flutter-Sleeve Jersey Swing Dress
Sale Price: $15.00; List Price $29.99

Flutter-Sleeve Jersey Swing Dress
Sale Price: $15.00; List Price $29.99

40.    The left photograph was taken at the Old Navy mainline store in Bellevue,

Washington, on April 19, 2019. It shows Old Navy was offering the Flutter-Sleeve Jersey

Swing Dress "**NOW 50% OFF**" from the reference price of $29.99 printed on the tag. The

right screenshot was taken the same day on April 19, 2019, on the Old Navy website on the

product webpage for the same dress. On the website, Old Navy advertises the identical $29.99

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **12** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

list price (with a strike-through), and offers the identical stated "50% Off" discount and $15.00 "sale" price.

41.     The price and discount representations regarding the dress on the in-store signage and price tag, and on the product webpage on the Old Navy website, are false and misleading because based on Plaintiff's counsel's data, the purported "50% Off" sale price is in fact approximately equal to Old Navy's usual selling price for the dress, and the dress is not in fact worth, and does not have a value equal to, the $29.99 list price.

42.     For most days of the year, Old Navy advertises website-wide (and brick-and-mortar store-wide) sales of most of its Old Navy-branded products at a fixed percentage-off (typically ranging from 30% to 60% off) or at a specified dollar discount from an advertised—and self-created—list price. The specific amounts of the dollar discount or percentage-off may slightly change over time, but the existence of a significant discount is perpetual. Products are rarely if ever offered in any Old Navy sales channel at the list price.

43.     Based on investigation of Plaintiff's counsel, on those rare occasions that Old Navy offers its near-perpetually discounted products at the list price, it does so in bad faith, solely for the purpose of "establishing" its list price to attempt to exculpate itself from legal liability for its illegal pricing scheme. Old Navy expects to sell few if any products at list price, and in fact Old Navy sells few if any of its products at list price.

44.     As a direct and proximate result of Old Navy's acts and omissions, all Washington consumers who have purchased a product on the Old Navy website that was advertised with a false reference price and/or false discount have been harmed, have suffered an injury-in-fact, and have lost money or property.

45.     Old Navy's false advertising scheme has harmed all of its Washington customers who purchased a falsely discounted product on the Old Navy website by fraudulently increasing demand for its products, thereby shifting the demand curve and enabling Old Navy to charge its customers more than it otherwise could have charged and to generate more sales than it otherwise would have generated.

46.     Customers did not enjoy the actual discounts Old Navy represented to them, and

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **13** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

the products were not in fact worth the inflated amount that Old Navy represented to them (i.e., the products were not actually worth the fictitious and invented list price).

47.     The false or misleading nature of Old Navy's reference prices and purported discounts were at all relevant times masked or concealed or hidden such that an ordinary consumer exercising reasonable care under all the circumstances would not have known of or discovered their false or misleading nature.

48.     Old Navy continues to advertise false reference prices and false percentage-off and dollar discounts on its website to this day. There is no reason to believe that Old Navy will voluntarily and permanently cease its unlawful practices. Moreover, in the unlikely event that Old Navy were to cease its unlawful practices, Old Navy can and/or is likely to recommence these unlawful practices.

49.     In acting toward consumers and the general public in the manner alleged herein, Old Navy acted with and was guilty of malice, fraud, and/or oppression and/or acted in a manner with a strong and negative impact upon Plaintiff, the Class and the public.

## V.     PLAINTIFF'S FACTUAL ALLEGATIONS

50.     Plaintiff Anna Nemykina is, and at all relevant times has been, a resident and citizen of Washington State.

51.     On December 1, 2016, Ms. Nemykina visited the Old Navy website to shop for potential Christmas gifts for friends and family. While browsing the website, Ms. Nemykina saw prominent advertising that Old Navy was offering significant "savings" throughout its website. Ms. Nemykina searched for and viewed various clothing items, including sleep sets for boys, crew-neck tees for men and women, and bodysuits for infants. Nearly all of the products she viewed were advertised as being discounted from a reference price. Mr. Nemykina viewed a strike-through reference price for the items, alongside a lower "sale" price.

52.     Relying on Old Navy's representations, Ms. Nemykina reasonably believed that the clothing items were normally offered and sold by Old Navy at the higher advertised list prices (i.e., reference prices). Ms. Nemykina reasonably believed that the products were worth, and had a value of, the higher stated reference prices. Ms. Nemykina reasonably believed that

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **14** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

the advertised "sale" prices represented a special bargain, where Old Navy was temporarily

offering the clothing products at a significant discount from the regular and normal selling

prices for the products. Relying on Old Navy's representations, Ms. Nemykina added the

products to her online shopping cart and then purchased the products. Ms. Nemykina

designated the shipping address for the entire order to be the address of a relative in California

to whom she would soon be traveling and with whom should would be staying during the

holiday season. Attached as **Exhibit A** is a copy of the email receipt of the order which lists the

items purchased, with personal information redacted.

53.     However, Old Navy's representations and advertised discounts were false and

deceptive. In reality, and unbeknownst to Ms. Nemykina, Old Navy had never or almost never

offered the products at the higher purported "regular" prices Old Navy advertised on its website

for the products.

54.     Old Navy had fooled Ms. Nemykina. The clothing items she purchased were not

in fact worth the list prices that Old Navy had led her to believe. Contrary to Old Navy's

representations, Ms. Nemykina did not receive any deal at all; the prices she paid for the

clothing items were in fact approximately equal to Old Navy's usual and normal selling prices

for the items.

55.     Old Navy's advertised false reference prices and advertised false discounts were

material misrepresentations and inducements to Ms. Nemykina's purchase.

56.     Ms. Nemykina reasonably relied on Old Navy's material misrepresentations. If

Ms. Nemykina had known the truth, she would have acted differently and/or would not have

purchased the products from Old Navy.

57.     These misrepresentations by Old Navy are material misrepresentations, in that

they are the type of representations on which an ordinary prudent person would rely upon in

conducting his or her affairs.

58.     As a direct and proximate result of Old Navy's acts and omissions, Ms.

Nemykina was harmed, suffered an injury-in-fact, and lost money or property.

59.     Old Navy's false advertising harmed Ms. Nemykina by causing her to pay more

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **15** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

than she otherwise would have paid and to buy more than she otherwise would have bought. Ms. Nemykina did not enjoy the stated discounts from the purported "regular" prices that Old Navy represented to her (i.e., the reference prices), and the products were not, in fact, worth as much as Old Navy represented them to be worth (i.e., the clothing items were not worth the inflated and fictitious reference prices).

60.     Ms. Nemykina has a legal right to rely now, and in the future, on the truthfulness and accuracy of Old Navy's representations regarding its advertised reference prices and discounts.

61.     Ms. Nemykina would shop on Old Navy's website again if she could have confidence regarding the truth of Old Navy's prices and the value of its products.

62.     Ms. Nemykina will be harmed if, in the future, she is left to guess as to whether Old Navy is providing a legitimate sale or not, and whether products are actually worth the amount that Old Navy is representing.

63.     If Ms. Nemykina were to purchase again from Old Navy without Old Navy having changed its unlawful and deceptive conduct alleged herein, Ms. Nemykina would be harmed on an ongoing basis and/or would be harmed once or more in the future.

64.     The deceptive practices and policies alleged herein, and experienced directly by Ms. Nemykina, are not limited to any single product or group of products. Rather, Old Navy's deceptive advertising and sales practices were, and continue to be, systematic and pervasive across nearly all of Old Navy's products across not only Old Navy's website, but also across all of Old Navy's sales channels in Washington and nationwide including in Old Navy and Old Navy Outlet brick-and-mortar retail stores.

## VI.     CLASS ACTION ALLEGATIONS

65.     Plaintiff brings this class-action lawsuit on behalf of herself and the members of the following class (the "Class"):

> **All residents of the State of Washington who, within the applicable limitations period, purchased from the Old Navy website one or more products which was advertised or promoted by displaying or disseminating a reference price or discount.**

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **16** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

66.     Specifically excluded from the Class are the Defendants, any entity in which a Defendant has a controlling interest or which has a controlling interest in a Defendant, each Defendant's agents and employees and attorneys, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

67.     ***Numerosity.*** Plaintiff does not know the exact number of Class members but is informed and believe that the Class easily comprises tens of thousands of individuals. As such, Class members are so numerous that joinder of all members is impracticable.

68.     ***Commonality and Predominance.*** Well-defined, nearly identical legal or factual questions affect the members of the Class. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

    a.     Old Navy's policies and actions regarding its advertising;

    b.     The accuracy of Old Navy's advertised reference prices and discounts;

    c.     Whether the alleged conduct of Old Navy violates the Washington Consumer Protection Act, RCW Chapter 19.86;

    d.     Whether the alleged conduct of Old Navy violates the FTC Guides Against Deceptive Pricing, 16 C.F.R. § 233.1 *et seq.*;

    e.     Whether the alleged conduct of Old Navy violates California Civil Code § 1750 *et seq.*, California Business & Professions Code § 17500 *et seq.*, and/or California Business & Professions Code § 17200 *et seq.*;

    f.     Whether Plaintiff and the Class have suffered injury and have lost money or property as a result of such false or misleading discounts and reference prices;

    g.     Whether Defendants should be ordered to disgorge their unjust enrichment; and

    h.     Whether Old Navy should be enjoined from further engaging in the misconduct alleged herein.

69.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **17** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

Class which would establish incompatible standards of conduct for the party opposing the Class.

70.     The party opposing the Class has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

71.     ***Typicality.*** Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a result of Defendants' practices and schemes.

72.     ***Adequacy.*** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel who have considerable experience and success in prosecuting complex class action and consumer protection cases.

73.     Further, a class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of their claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Old Navy's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

74.     By its conduct and omissions alleged herein, Old Navy has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

75.     The nature of Old Navy's misconduct is non-obvious and/or obscured from public view, and neither Plaintiff nor the members of the Class could have, through the use of reasonable diligence, learned of the accrual of their claims against Old Navy at an earlier time. This Court should, at the appropriate time, apply the discovery rule to extend any applicable

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **18** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   limitations period (and the corresponding class period) to the date on which Old Navy first

2   began perpetrating the false reference price and false discount advertising scheme alleged

3   herein.

4       76.    The Court will likely need to decide whether Washington law or California law

5   applies to Plaintiff's claims. Until the Court makes this determination, Plaintiff hereby pleads

6   her claims under both states' laws, as reflected in the causes of action listed below.

7   **CAUSES OF ACTION**

8   **COUNT I**
    **Violation of the Washington Consumer Protection Act**

9   **RCW Chapter 19.86**

10      77.    Plaintiff realleges and incorporates by reference all paragraphs alleged

11  hereinbefore.

12      78.    Plaintiff brings this claim in her individual capacity, in her capacity as a private

13  attorney general seeking the imposition of public injunctive relief, and/or as a representative of

14  a putative class.

15      79.    The Washington Consumer Protection Act (the "CPA"), RCW 19.86, was first

16  enacted in 1961 and is Washington's principal consumer protection statute. The CPA "replaces

17  the now largely discarded standard of *caveat emptor* with a standard of fair and honest

18  dealing." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—

19  Introduction).

20      80.    The CPA's primary substantive provision declares unfair methods of

21  competition and unfair or deceptive acts or practices to be unlawful. RCW 19.86.020. "Private

22  rights of action may now be maintained for recovery of actual damages, costs, and a reasonable

23  attorney's fee. RCW 19.86.090. A private plaintiff may be eligible for treble damages . . . .

24  Private consumers may obtain injunctive relief, even if the injunction would not directly affect

25  the individual's own rights. RCW 19.86.090." Washington Pattern Jury Instruction Civil

26  No. 310.00 (Consumer Protection Act—Introduction).

27      81.    The acts and omissions of Old Navy constitute unfair methods of competition

28  and/or unfair or deceptive acts or practices which directly or indirectly affect the people of the

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **19** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

State of Washington and which have injured Plaintiff Nemykina and the members of the Class in his or her or its business or property and which was the cause of said injury.

82.     Defendants engage in the conduct of trade or commerce. For example, and without limitation, Defendants engage in the sale of assets (including the tangible personal property that the Defendants sell) and engaged in commerce directly or indirectly affecting the people of the State of Washington.

83.     As a direct, substantial and/or proximate result of these violations, Plaintiff and the members of the Class suffered injury to business or property. Plaintiff and the members of the Class paid more than they otherwise would have paid for the products they purchased from Defendants and they bought more than they otherwise would have bought from Defendants. Defendants' false reference pricing scheme fraudulently increased demand from consumers, enabling Defendants to charge higher prices than they otherwise could have charged.

84.     The acts and/or omissions of each defendant pled herein are injurious to the public interest because said acts and/or omissions: violate a statute that incorporates RCW Chapter 19.86, violate a statute that contains a specific legislative declaration of public interest impact, injures other persons, had the capacity to injure other persons, and/or has the capacity to injure other persons.

85.     The unlawful acts and omissions pled herein were committed in the course of Defendants' business. The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled herein were repeatedly committed prior to the acts involving Plaintiff Nemykina. There is a real and substantial potential for repetition of Defendants' conduct after the acts involving Plaintiff; indeed, the conduct continues to this day. This Complaint is not based upon a single transaction. The acts and omissions of Defendants pled herein were, and are not, reasonable in relation to the development and preservation of business.

86.     The balance of the equities favors the entry of permanent injunctive relief against Defendants. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff,

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **20** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   the members of the Class and the general public lack an adequate remedy at law. A permanent

2   injunction against Defendants is in the public interest. Defendants' unlawful behavior is

3   ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction,

4   Defendants' unlawful behavior will not cease and, in the unlikely event that it voluntarily

5   ceases, is likely to reoccur.

### COUNT II
### Permanent Public Injunctive Relief Under The Washington Consumer Protection Act (RCW 19.86.093)

8   87.    Plaintiff realleges and incorporates by reference all paragraphs alleged

9   hereinbefore.

10  88.    Plaintiff brings this claim in her individual capacity, in her capacity as a private

11  attorney general seeking the imposition of public injunctive relief, and/or as a representative of

12  a putative class.

13  89.    This is a civil action in which an unfair or deceptive act or practice is alleged

14  under RCW 19.86.020.

15  90.    The acts and omissions of Defendants constitute unfair methods of competition

16  and/or unfair or deceptive acts or practices which directly or indirectly affect the people of the

17  State of Washington and which have injured Plaintiff and the members of the Class in his or

18  her or its business or property and which was the cause of said injury.

19  91.    Defendants engage in the conduct of trade or commerce. For example, and

20  without limitation, Defendants engage in the sale of assets (including the tangible personal

21  property that Defendants sell) and engaged in commerce directly or indirectly affecting the

22  people of the State of Washington.

23  92.    As a direct, substantial and/or proximate result of these violations, Plaintiff and

24  the members of the Class suffered injury to business or property. Plaintiff and the members of

25  the Class paid more than they otherwise would have paid for the products they purchased from

26  Defendants and they bought more than they otherwise would have bought from Defendants.

27  Defendants' false reference pricing scheme fraudulently increased demand from customers,

28

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **21** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    enabling Defendants to charge higher prices than they otherwise could have charged.

2        93.    The acts and/or omissions of each defendant pled herein are injurious to the

3    public interest because said acts and/or omissions: violate a statute that incorporates

4    RCW Chapter 19.86, violates a statute that contains a specific legislative declaration of public

5    interest impact, injures other persons, had the capacity to injure other persons, and/or has the

6    capacity to injure other persons.

7        94.    The unlawful acts and omissions pled herein were committed in the course of

8    Defendants' business. The unlawful acts and omissions pled herein were, are, and continue to

9    be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled

10   herein were repeatedly committed prior to the acts involving Plaintiff. There is a real and

11   substantial potential for repetition of Defendants' conduct after the act involving Plaintiff;

12   indeed, the conduct continues to this day. This Complaint is not based upon a single

13   transaction.

14       95.    Defendants have an affirmative duty under the law to advertise their products in

15   a manner which is not false, deceptive or misleading. Plaintiff and the rest of the public should

16   not be put to the burden of having to guess or take extraordinary efforts to ascertain which

17   discounts or other representations made by a defendant in its advertising are true or false,

18   accurate or misleading. Plaintiff and the general public have the right to assume that all of

19   Defendants' advertising conforms with the law.

20       96.    If not enjoined by order of this Court, Defendants will or may continue to injure

21   Plaintiff and Washington consumers through the misconduct alleged herein. Without the entry

22   of a permanent injunction, Defendants' unlawful behavior is capable of repetition, re-

23   occurrence or increase.

24       97.    The balance of the equities favors the entry of permanent injunctive relief

25   against Defendants. Plaintiff, the members of the Class, and the general public will be

26   irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff,

27   the members of the Class, and the general public lack an adequate remedy at law. A permanent

28   injunction against Defendants is in the public interest. Defendants' unlawful behavior is

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **22** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction,

Defendants' unlawful behavior will not cease and, in the unlikely event that it voluntarily

ceases, is likely to reoccur or is otherwise capable of reoccurring.

## COUNT III
### Violation of the California Consumers Legal Remedies Act
### California Civil Code § 1750 *et seq.*

98.     Plaintiff realleges and incorporates by reference all paragraphs alleged

hereinbefore.

99.     Plaintiff brings this claim in her individual capacity, in her capacity as a private

attorney general seeking the imposition of public injunctive relief, and/or as a representative of

a putative class.

100.    Each of Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy

Holdings, LLC, GPS Services, Inc., The Gap, Inc., and each Doe defendant is a "person," as

defined by California Civil Code § 1761(c).

101.    Plaintiff Anna Nemykina is a "consumer," as defined by California Civil Code §

1761(d).

102.    The products purchased by Plaintiff from Old Navy are "goods" as defined by

California Civil Code § 1761(a).

103.    Plaintiff's purchases from Old Navy constitutes a "transaction," as defined by

California Civil Code § 1761(e).

104.    The unlawful methods, acts or practices alleged herein to have been undertaken

by Old Navy were all committed intentionally. The unlawful methods, acts or practices alleged

herein to have been undertaken by Old Navy did not result from a bona fide error

notwithstanding the use of reasonable procedures adopted to avoid such error.

105.    With regard to this count of the pleading which alleges one or more violations of

the CLRA, venue is proper in the San Francisco Superior Court because, without limitation, the

County of San Francisco is the county in which Defendant Old Navy, Inc., has its principal

place of business. A declaration establishing that this Court has proper venue for this count is

attached hereto as **Exhibit B**.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE 23 OF 32

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

106.    Old Navy's methods, acts and/or practices, including Old Navy's misrepresentations, active concealment, and/or failures to disclose, violated and continue to violate the CLRA in ways including, but not limited to, the following:

1.    Old Navy misrepresented that its products had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

2.    Old Navy advertised its products with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

3.    Old Navy made false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770(a)(13)); and

4.    Old Navy represented that its products were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)).

107.    With respect to omissions, Old Navy at all relevant times had a duty to disclose the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Old Navy concealed material information from Plaintiff and the Class; and/or (c) Old Navy made partial representations which were false and misleading absent the omitted information.

108.    Old Navy's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

109.    Old Navy's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

110.    As a direct and proximate result of these violations, Plaintiff and the Class suffered injury-in-fact and lost money.

111.    Plaintiff and the Class paid more than they otherwise would have paid for the products they purchased from Old Navy and they bought more than they otherwise would have bought from Old Navy.

112.    Plaintiff and the Class did not enjoy the actual discounts Old Navy represented to them, and the products were not in fact worth the inflated amount that Old Navy represented

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **24** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    to them (i.e., the products were not actually worth the fictitious and invented list price).

2    113.    Old Navy's false advertising scheme has harmed all of its customers by

3    fraudulently increasing demand for its products, thereby shifting the demand curve and

4    enabling Old Navy to charge its customers more than it otherwise could have charged and to

5    generate more sales than it otherwise would have generated.

6    114.    Old Navy's conduct alleged herein caused substantial injury to Plaintiff, the

7    Class, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent

8    a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from

9    committing such practices.  Plaintiff also seeks attorneys' fees and costs.

10   115.    Plaintiff individually seeks public injunctive relief, under the CLRA, to protect

11   the general public from Old Navy's false discount advertising and omissions.

12   116.    In accordance with California Civil Code § 1782(a), Plaintiff's counsel will

13   imminently serve Old Navy with notice of its CLRA violations by certified mail, return receipt

14   requested. If Old Navy fails to provide appropriate relief for its CLRA violations within 30

15   days of Plaintiff's notification letter, Plaintiff will amend this complaint to seek compensatory

16   and exemplary damages as permitted by Cal. Civ. Code §§ 1780 and 1782(b).

17                                **COUNT IV**
                **Violation of California's False Advertising Law**
18          **California Business and Professions Code § 17500 *et seq*.**

19   117.    Plaintiff realleges and incorporates by reference all paragraphs alleged

20   hereinbefore.

21   118.    Plaintiff brings this claim in her individual capacity, in her capacity as a private

22   attorney general seeking the imposition of public injunctive relief, and/or as a representative of

23   a putative class.

24   119.    Old Navy has engaged in false or misleading advertising in violation of

25   California's statutory False Advertising Law ("FAL").

26   120.    Old Navy has advertised reference prices and corresponding discounts that are

27   false, misleading, and/or have a capacity, likelihood or tendency to deceive reasonable

28   consumers. *See, e.g.*, *Kasky*, 27 Cal.4th at 951 (UCL and FAL prohibit "not only advertising

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **25** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

which is false, but also advertising which, although true, is either actually misleading or which

has a capacity, likelihood or tendency to deceive or confuse the public" (citation omitted));

*Hansen v. Newegg.com Americas, Inc.*, 25 Cal.App. 5th 714, 722 (2018) (same);

*Overstock.com, Inc.*, 2014 WL 657516, at *23 (same).

121.    Old Navy, with intent directly or indirectly to dispose of personal property or to

perform services, or to induce the public to enter into any obligation relating thereto, makes,

disseminates, has made or disseminated, causes to be made or disseminated, and/or has caused

to be made or disseminated, before the public in the State of Washington and throughout the

United States, in any newspaper or other publication, or any advertising device, or by public

outcry or by proclamation, or in any other manner or means, including over the Internet,

statements concerning that personal property or those services, and/or concerning any

circumstance or matter of fact connected with the proposed performance or disposition thereof,

which are untrue or misleading and which are known (or which by the exercise of reasonable

care should be known) to be untrue or misleading.

122.    Independently, Old Navy has made or disseminated or caused to be so made or

disseminated any such statement as part of a plan or scheme with the intent not to sell that

personal property or those services, professional or otherwise, so advertised at the price stated

therein, or as so advertised.

123.    With respect to omissions, Old Navy at all relevant times had a duty to disclose

the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of

material information that was not known to Plaintiff and the Class; (b) Old Navy concealed

material information from Plaintiff and the Class; and/or (c) Old Navy made partial

representations which were false and misleading absent the omitted information.

124.    Old Navy committed such violations of the False Advertising Law with actual

knowledge that its advertising was untrue or misleading, or Old Navy, in the exercise of

reasonable care, should have known that its advertising was untrue or misleading.

125.    Plaintiff and the Class reasonably relied on Old Navy's representations and/or

omissions made in violation of the False Advertising Law.

---

126. As a direct and proximate result of these violations, Plaintiff and the Class suffered injury-in-fact and lost money.

127. Old Navy should be ordered to disgorge or make restitution of all monies improperly accepted, received or retained.

128. Old Navy's conduct has caused substantial injury to Plaintiff, the Class, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from committing such violations of the FAL. Plaintiff further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

129. Absent injunctive relief, Old Navy will continue to injure Plaintiff and the Class. Old Navy's misrepresentations and omissions are ongoing. Even if such conduct were to cease, it is behavior that is capable of repetition or reoccurrence by Old Navy.

130. Plaintiff individually seeks public injunctive relief, under the FAL, to protect the general public from Old Navy's false discount advertising and omissions.

**COUNT V**
**Violation of California's Unfair Competition Law**
**California Business and Professions Code § 17200 *et seq.***

131. Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

132. Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and/or as a representative of a putative class.

133. Defendant Old Navy's acts and omissions alleged herein constitute unfair competition and/or unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code § 17200 *et seq*. (the "Unfair Competition Law" or "UCL").

134. Old Navy's conduct and omissions alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and the Class. There is no utility to Old Navy's conduct, and even if there were any utility, it would be

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **27** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  significantly outweighed by the gravity of the harm to consumers caused by Old Navy's

2  conduct alleged herein.

3      135.    Old Navy's conduct and omissions alleged herein also violate California public

4  policy, including as such policy is reflected in Cal. Civ. Code § 1750 *et seq.* and Cal. Civ. Code

5  §§ 1709-1710.

6      136.    By its conduct and omissions alleged herein, Old Navy has violated the

7  "unlawful" prong of the UCL, including by making material misrepresentations and omissions

8  in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Civ. Code § 1750, *et seq.*;

9  engaging in deceit in violation of Cal Civ. Code §§ 1709-1710; employing deceptive reference

10 price advertisements as identified by 16 C.F.R § 233.1 *et seq.*; and by making material

11 misrepresentations and omissions in violation of the Washington Consumer Protection Act,

12 RCW Chapter 19.86.

13     137.    Old Navy has violated the "fraudulent" prong of the UCL by advertising its

14 products with a false and inflated reference price and with a false discount.

15     138.    With respect to omissions, Old Navy at all relevant times had a duty to disclose

16 the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of

17 material information that was not known to Plaintiff and the Class; (b) Old Navy concealed

18 material information from Plaintiff and the Class; and/or (c) Old Navy made partial

19 representations which were false and misleading absent the omitted information.

20     139.    Old Navy's material misrepresentations and nondisclosures were likely to

21 mislead reasonable consumers, existing and potential customers, and the public.

22     140.    Old Navy's misrepresentations and nondisclosures deceive and have a tendency

23 to deceive the general public and reasonable consumers.

24     141.    Old Navy's misrepresentations and nondisclosures are material, such that a

25 reasonable person would attach importance to the information and would be induced to act on

26 the information in making purchase decisions.

27     142.    Plaintiff and the Class reasonably relied on Old Navy's material

28 misrepresentations and nondisclosures, and would have acted differently if they had known the

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **28** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

truth.

143.    By its conduct and omissions alleged herein, Old Navy received more money from Plaintiff and the Class than it should have received, and that money is subject to restitution.

144.    As a direct and proximate result of Old Navy's unfair, unlawful, and fraudulent conduct, Plaintiff and the Class lost money.

145.    Old Navy's conduct has caused substantial injury to Plaintiff, Class members, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from committing such unlawful, unfair, and fraudulent business practices. Plaintiff further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

146.    Absent injunctive relief, Old Navy will continue to injure Plaintiff and the Class. Old Navy's misrepresentations and omissions are ongoing. Even if such conduct were to cease, it is behavior that is capable of repetition or reoccurrence by Old Navy.

147.    Plaintiff individually seeks public injunctive relief, under the UCL, to protect the general public from Old Navy's false discount advertising and omissions.

## COUNT VI
### Permanent Public Injunctive Relief Under California Law
### All California Statutory, Inherent and Other Authority
### (Individually)

148.    Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

149.    Plaintiff brings this claim in her individual capacity.

150.    Public injunctive relief is a remedy which is authorized and recognized by the laws of California. Public injunctive relief is defined as an injunction which seeks "not to resolve a private dispute but to remedy a public wrong." *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 1080 (1999). "Whatever the individual motive of the party requesting injunctive relief, the benefits of granting injunctive relief by and large do not accrue

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **29** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

to that party, but to the general public in danger of being victimized by the same deceptive practices as the plaintiff suffered.  . . . .  In other words, the plaintiff in a CLRA damages action is playing the role of a bona fide private attorney general." *Ibid.*

151.    Three of Plaintiff's claims are brought under California statutes which empower the Court to craft wide-ranging injunctions to benefit consumers at large. "In previous decisions, this court has said that the statutory remedies available for a violation of the Consumers Legal Remedies Act (CLRA; Civ. Code, § 1750 *et seq.*), the unfair competition law (UCL; Bus. & Prof. Code, § 17200 *et seq.*), and the false advertising law (id., § 17500 *et seq.*) include public injunctive relief, i.e., injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017).

152.    If not enjoined by order of this Court, Old Navy is free to resume its unlawful behavior and injure Plaintiff and Washington consumers purchasing products on the Old Navy website through the misconduct alleged herein once more. Old Navy has a duty to speak truthfully or in a non-misleading manner.

153.    Plaintiff would shop at Old Navy again if she could have confidence regarding the truth of Old Navy's prices and the value of its products.

154.    Plaintiff will be harmed if, in the future, she is left to guess as to whether Old Navy is providing a legitimate sale or not, and whether products are actually worth the amount that Old Navy is representing.

155.    If Plaintiff was to purchase again from the Old Navy website without Old Navy having changed its unlawful and deceptive conduct alleged herein, Plaintiff would be harmed on an ongoing basis and/or would be harmed once or more in the future.

156.    The balance of the equities favors the entry of permanent injunctive relief against Old Navy. Plaintiff and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Old Navy. Plaintiff and the general public lack an adequate remedy at law. A permanent injunction against Old Navy is in the public interest. Old Navy's unlawful behavior is capable of repetition or re-occurrence absent the entry of a

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **30** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    permanent injunction.

2                              **PRAYER FOR RELIEF**

3        157.    In order to prevent injury to the general public, Plaintiff Anna Nemykina

4    individually requests that the Court enter a public injunction enjoining Defendants from

5    advertising false reference prices and/or false discounts;

6        158.    Further, on behalf of herself and the proposed Class, Plaintiff requests that the

7    Court order relief and enter judgment against Defendants as follows:

8            a.      Declare this action to be a proper class action, certify the Class, and

9    appoint Plaintiff and her counsel to represent the Class;

10           b.      Order disgorgement or restitution, including, without limitation,

11   disgorgement of all revenues, profits and/or unjust enrichment that each Defendant obtained,

12   directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the

13   unlawful conduct alleged herein;

14           c.      Permanently enjoin each Defendant from the unlawful conduct alleged

15   herein;

16           d.      Retain jurisdiction to police each Defendant's compliance with the

17   permanent injunctive relief;

18           e.      Order each Defendant to pay damages and restitution to Plaintiff and the

19   Class in an amount to be proven at trial;

20           f.      Order each Defendant to pay punitive and exemplary damages to the

21   extent allowed by law;

22           g.      Order each Defendant to pay attorneys' fees, costs, and pre-judgment

23   and post-judgment interest to the extent allowed by law; and

24           h.      Provide all other relief to which Plaintiff and the Class may show

25   themselves justly entitled.

26

27

28

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## JURY DEMAND

Plaintiff ANNA NEMYKINA, on behalf of herself and on behalf of the Class, demand

a trial by jury on all issues so triable.

DATED this 30th day of November, 2019.

Presented by:

HATTIS & LUKACS

By: _____

Daniel M. Hattis (WSBA #50428)
Che Corrington (WSBA #54241)
Paul Karl Lukacs*
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com
Email: dan@hattislaw.com
Email: che@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq.*
Shane T. Prince, Esq.*
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

*\*Pro hac vice application to be submitted*

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
PAGE **32** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

EXHIBIT A

От: **Old Navy** <oldnavy@email.oldnavy.com>
Date: чт, 1 дек. 2016 г. в 19:59
Subject: Thank you! Your order number is TYNV6MD.
To: <██████████████████>

View in web browser.

  

NEW ARRIVALS  /  WOMEN  /  WOMEN'S PLUS  /  MATERNITY  /  MEN  /  GIRLS  /  BOYS  /  TODDLER  /  BABY

**FREE SHIPPING** ON ORDERS OF $50 OR MORE

## *thanks!* FOR ORDERING FROM **OLDNAVY.COM**

Dear **Anna Nemykina**:

We've received the order you placed on OldNavy.com. Your new items should be at your door within 8-12 business days.

- To keep an eye on your order, check your order's status or click the "Orders and Returns" link in the top right corner of OldNavy.com.

- To change or cancel your order: contact us. The time window is very small, but we'll do our best to make any adjustments.



SHIPPING IS ON US!

FREE on orders of $50 or more

- Questions? Get answers online http://oldnavy.com/help, call 1-800-OLD-NAVY (1.800.653.6289), or email custserv@oldnavy.com anytime.

Your order summary is below. Be sure to print this email or write down your order number TYNV6MD for your records. We'll send you another email as soon as your order ships.

Thanks for shopping with us!
OldNavy.com Customer Service

## Summary for order #TYNV6MD
*Order placed 10:59:43 PM ET on Dec 01, 2016*

### Ship To


SHOP NEW ARRIVALS


GAP
new arrivals
SHOP NOW ›


BANANA REPUBLIC
Just in!
NEW ARRIVALS
SHOP NOW


ATHLETA
SEE WHAT'S NEW

| Item Description | Size | Unit Price | Qty | Total | Return Type |
|---|---|---|---|---|---|
| 2-Piece Sleep Set for Boys Blue Bear | M | $15.00 | 1 | $15.00 | |
| 2-Piece Sleep Set for Boys Black/red Plai | L | $15.00 | 1 | $15.00 | |
| Graphic Crew-Neck Tee for Gi Oatmeal Heathe | XL | $5.00 | 1 | $5.00 | |
| Relaxed Graphic Crew-Neck Te Cranberry Cock | M | $12.00 | 4 | $48.00 | |
| Relaxed Graphic Tee for Wome Dark Steel | XS | $13.00 | 1 | $13.00 | |
| Relaxed Graphic Tee for Wome ICELANDIC MINE | S | $14.94 | 1 | $14.94 | |
| Men's DC Comics™ Superhero T Superman Shiel | XL | $14.00 | 1 | $14.00 | |
| Graphic Crew-Neck Tee for Me Bridge | XL | $12.00 | 1 | $12.00 | |
| Graphic Crew-Neck Tee for Me Dark Heather G | M | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Dark Heathered | L | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Light Heather | L | $14.94 | 1 | $14.94 | |
| Graphic Crew-Neck Tee for Me Bright White | M | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Tangerine | XL | $12.00 | 1 | $12.00 | |
| Graphic Bodysuit for Baby BABY TEXT | 0-3 M | $5.00 | 1 | $5.00 | |
| Graphic Bodysuit for Baby Blue | 0-3 M | $5.00 | 1 | $5.00 | |
| Micro Fleece One-Piece for B Gray Stripe | 0-3 M | $15.00 | 1 | $15.00 | |
| Relaxed Graphic Tee for Wome Dark Steel | S | $13.00 | 1 | $13.00 | |
| Relaxed Graphic Crew-Neck Te Cranberry Cock | S | $12.00 | 1 | $12.00 | |
| Graphic Crew-Neck Tee for Me Oatmeal Heathe | XL | $14.94 | 1 | $14.94 | |
| Graphic Crew-Neck Tee for Me Ink Blue | XXL Big | $12.94 | 1 | $12.94 | |
| Relaxed Graphic Tee for Wome ICELANDIC MINE | S | $13.00 | 1 | $13.00 | |

### Summary of Charges

| | |
|---|---|
| Order Subtotal: | $293.58 |
| Promotions: | - $71.87 |
| Shipping & Handling: | Free |
| Tax: | $19.95 |
| Order Total: | $241.66 |

**Payment Info**

VISA:                              XXXXXXXXXXX█████

This order summary is for your records only; it can't be used as a receipt.

To return an item in a store, you must bring the invoice included in the shipped package.
Get more details about returns and exchanges."

---

### SIGN UP FOR EMAIL

---

### THERE'S AN OLD NAVY NEAR YOU!

### FIND A STORE

---

### SIGN UP FOR MOBILE TEXT ALERTS

---

Privacy Policy   |   Unsubscribe   |   Old Navy Card Program

If you have any questions about our privacy policy, contact our customer service center via email at custserv@oldnavy.com, or call us at 1-800-OLD-NAVY (1-800-653-6289). You may also contact us by postal mail at Oldnavy.com Customer Service, 200 Old Navy Lane, Grove City, OH 43123-8605.

If you'd rather not receive email updates from Old Navy, you can unsubscribe from our mailing list by clicking "Unsubscribe" above.

**Free shipping** is valid on orders of $50 or more shipped to a single U.S. address, after promotions and discounts are applied. Gift cards, packaging, and taxes do not qualify toward the minimum purchase requirement. Eligible customers must select this option during checkout in order to receive free shipping. Offer is subject to change without notice and excludes purchases from Gap Factory and Banana Republic Factory.

© 2016 Gap Inc.

# EXHIBIT B

Daniel M. Hattis (WSBA #50428)
Che Corrington (WSBA #54241)
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com
Email: dan@hattislaw.com
Email: che@hattislaw.com

Stephen P. DeNittis, Esq. (Pro Hac Vice forthcoming)
Shane T. Prince, Esq. (Pro Hac Vice forthcoming)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA NEMYKINA,<br>for Herself, as a Private Attorney General,<br>and/or On Behalf Of All<br>Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC;<br>OLD NAVY (APPAREL), LLC;<br>OLD NAVY HOLDINGS, LLC;<br>GPS SERVICES, INC.;<br>THE GAP, INC.;<br>and DOES 1-20, inclusive,<br><br>Defendants. | Case No. _____<br><br><br>DECLARATION OF DANIEL M. HATTIS<br>PURSUANT TO THE CALIFORNIA<br>CONSUMERS LEGAL REMEDIES ACT<br><br>(CAL. CIVIL CODE § 1780(d))<br><br>[FILED CONCURRENTLY<br>WITH COMPLAINT] |

1    I, DANIEL M. HATTIS, hereby declare and state as follows:

2    1.    I am over the age of 18 years, I am a member in good standing of the State Bar

3  of California and the State Bar of Washington, and I am an attorney of record in this civil

4  action, in which I am representing Plaintiff Anna Nemykina. The facts contained herein are

5  based on my personal knowledge except as to facts stated upon information and belief and, as

6  to those, I believe it to be true.

7    2.    This civil action pleads a cause of action for violation of the California

8  Consumers Legal Remedies Act ("CLRA") against Defendants Old Navy, LLC, Old Navy

9  (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively,

10  the "Old Navy Defendants"). This civil action has been commenced in a county described in

11  Section 1780(d) of the California Civil Code as a proper place for the trial of the action.

12    3.    This action is being commenced in King County in the State of Washington, in

13  federal court in the Western District of Washington because King County is the county in

14  which the transaction or any substantial portion thereof occurred, and King County is a county

15  in which each of the Old Navy Defendants is doing business.

16    4.    Each of the Old Navy Defendants is doing business in King County,

17  Washington, by, without limitation, advertising and selling its goods and services on the Old

18  Navy website to Washington consumers in King County (including to Plaintiff regarding the

19  transaction which is the subject of this lawsuit), and through Old Navy and Old Navy Outlet

20  brick-and-mortar retail stores located in King County.

21

22    I declare under penalty of perjury under the laws of the State of California and the laws

23  of the State of Washington that the foregoing is true and correct.

24

25    Executed on November 30, 2019, in King County, State of Washington.

26

27    _____
     DANIEL M. HATTIS

28

---

DECLARATION OF DANIEL M. HATTIS
REGARDING CLRA VENUE
PAGE **2** OF **2**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com