Daniel M. Hattis (WSBA #50428)
Che Corrington (WSBA #54241)
Paul Karl Lukacs (Pro Hac Vice forthcoming)
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com
Email: dan@hattislaw.com
Email: che@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq. (Pro Hac Vice forthcoming)
Shane T. Prince, Esq. (Pro Hac Vice forthcoming)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA NEMYKINA,<br>for Herself, as a Private Attorney General,<br>and/or On Behalf Of All<br>Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC;<br>OLD NAVY (APPAREL), LLC;<br>OLD NAVY HOLDINGS, LLC;<br>GPS SERVICES, INC.;<br>THE GAP, INC.;<br>and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01958<br><br>Hon. Mary Alice Theiler<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE WASHINGTON CONSUMER PROTECTION ACT, THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, THE CALIFORNIA FALSE ADVERTISING LAW, AND THE CALIFORNIA UNFAIR COMPETITION LAW<br><br>JURY TRIAL DEMANDED |

Plaintiff ANNA NEMYKINA, individually, as a private attorney general, and/or on behalf of all others similarly situated, alleges as follows, on personal knowledge and/or on the investigation of her counsel, against Defendants Old Navy, LLC, Old Navy (Apparel), LLC,

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **1** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively, "Old Navy"),

2   and Defendants Does 1-20, inclusive (collectively, together with Old Navy, "Defendants"):

3   **I.      INTRODUCTION AND SUMMARY**

4   1.      Old Navy calls itself "one of the fastest-growing apparel brands in the U.S. and

5   category leader in family apparel." Almost all the items offered by Old Navy are branded as

6   "Old Navy" products, and are exclusively offered by Old Navy. Approximately 80% of Old

7   Navy's $7.2 billion annual U.S. sales are in its brick-and-mortar Old Navy and Old Navy

8   Outlet stores, and the remaining 20% of its sales are online on its retail website.

9   2.      For years, Old Navy has perpetrated a massive false discount advertising scheme

10  across nearly all of its Old Navy-branded products across all of its sales channels (i.e, on the

11  Old Navy website and in all of its brick-and-mortar Old Navy and Old Navy Outlet stores). Old

12  Navy advertises perpetual or near perpetual discounts (typically a purported savings of 30% to

13  60% off) from Old Navy's self-created list prices for the products. Old Navy represents its list

14  prices to be the "regular" and normal prices of the items, and the list prices function as

15  reference prices from which the advertised discounts and percentage-off sales are calculated.

16  3.      Old Navy's discounts and reference prices are false, because Old Navy rarely if

17  ever offers the products at the advertised list price. Old Navy invents inflated and fictitious list

18  prices in order to enable it to advertise perpetual website-wide and store-wide "sale" events and

19  product discounts to induce customers to purchase its products. Old Navy's marketing plan is

20  to trick its customers into believing that its products are worth, and have a value equal to, the

21  inflated list price, and that the lower advertised sale price represents a special bargain—when in

22  reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's

23  usual and normal selling price for the product.

24  4.      Old Navy's nationwide fraudulent advertising scheme harms consumers like

25  Plaintiff Anna Nemykina, who purchased falsely discounted products on Old Navy's website

26  from her home in Washington State, by causing them to pay more than they otherwise would

27  have paid and to buy more than they otherwise would have bought. Customers do not enjoy the

28  actual discounts Old Navy represents to them, and the products are not in fact worth the

inflated amount that Old Navy represents to them (i.e., the products are not actually worth the fictitious and invented list price).

5.     Consequently, Plaintiff brings this action individually on her own behalf as a deceived Old Navy customer; as a private attorney general seeking the imposition of public injunctive relief against Defendants; and as a representative plaintiff on behalf of a class of Washington State consumers who purchased falsely discounted products on Old Navy's website seeking, among other things, to recover damages and/or that Defendants be ordered to disgorge all revenues they have unjustly received from the proposed Class due to their intentional and unlawful pattern and practice of using false reference prices and false discounts.

## II.     <u>PARTIES</u>

6.     Plaintiff Anna Nemykina is a citizen of Washington State and an individual and a natural adult person who resides in King County, Washington.

7.     Defendant Old Navy, LLC, is a wholly-owned subsidiary of The Gap, Inc., and is a limited liability company chartered under the laws of the State of Delaware. Old Navy, LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

8.     Defendant Old Navy (Apparel), LLC, is a wholly-owned subsidiary of GPS Services, Inc., and is a limited liability company chartered under the laws of the State of California. Old Navy (Apparel), LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

9.     Defendant Old Navy Holdings, LLC, is a limited liability company chartered under the laws of the State of California. Old Navy Holdings, LLC, currently has and at all relevant times in the past has had its headquarters, executive office, principal place of business, or nerve center in San Francisco, California.

10.     Defendant GPS Services, Inc., is a wholly-owned subsidiary of The Gap, Inc., and is a corporation chartered under the laws of the State of California. GPS Services, Inc., currently has and at all relevant times in the past has had its headquarters, executive office,

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

principal place of business, or nerve center in San Francisco, California.

11.     Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively, "Old Navy"), own and/or operate a retail website http://oldnavy.gap.com, by which Defendants advertise and sell their goods, with said website being regularly seen and used by Washington consumers and consumers throughout the United States to purchase goods from Old Navy. Defendants also own and/or operate approximately 1,100 brick-and-mortar Old Navy and Old Navy Outlet retail stores throughout the United States, including 29 in the State of Washington.

12.     Defendants Doe 1 through Doe 20, inclusive, aided and/or abetted Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and/or The Gap, Inc., in such a manner that Doe 1 through Doe 20, inclusive, are each directly, contributorily, vicariously, derivatively and/or otherwise liable for the acts or omissions of Old Navy pled herein. Plaintiff is currently unaware of the true identities of Does 1 through Doe 20, inclusive; upon learning the true identities of Does 1 through Doe 20, inclusive, Plaintiff anticipates either freely amending the operative complaint or requesting leave from the Court to amend the operative complaint.

## III.     <u>JURISDICTION AND VENUE</u>

13.     **Subject Matter Jurisdiction.** The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) — i.e., traditional diversity jurisdiction — because the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different states.

14.     The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2) — i.e., Class Action Fairness Act jurisdiction — because the amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs) and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

15.     **Personal Jurisdiction.** This Court may exercise personal jurisdiction over each of the defendants pursuant to Washington State's long-arm statute, RCW 4.28.185. This Court

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **4** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  may exercise personal jurisdiction over out-of-state Defendants because the claims alleged in

2  this civil action arose from, without limitation, the transaction by Defendants of any business

3  within the State of Washington (and/or within the Western District of Washington), and/or the

4  commission by Defendants of a tortious act within the State of Washington (and/or within the

5  Western District of Washington).

6        16.     This Court may exercise personal jurisdiction over out-of-state Defendants to

7  the fullest extent allowed under the federal due process clause. Defendants have certain

8  minimum contacts with the State of Washington (and/or with the Western District of

9  Washington) such that the maintenance of this lawsuit does not offend traditional notions of

10 fair play and substantial justice. As alleged in this pleading, Defendants have and continue to

11 purposefully do some act or consummate some transactions in the State of Washington (and/or

12 in the Western District of Washington), Plaintiff's claims arise from and/or are connected with

13 said act or transactions of Defendants, and the assumption of jurisdiction by this Court does not

14 offend traditional notions of fair play and substantial justice, consideration being given to the

15 quality, nature, and extent of the activity in the State of Washington (and/or in the Western

16 District of Washington), the relative convenience of the parties, the benefits and protection of

17 laws of the State of Washington afforded the respective parties, and the basic equities of the

18 situation.

19       17.     Old Navy owns and operates about 29 Old Navy and Old Navy Outlet retail

20 stores in the State of Washington. Old Navy operates a website, www.oldnavy.gap.com by

21 which Old Navy advertises and sells its goods, with said website being regularly seen by

22 Washington and Western District consumers and being regularly used by Washington and

23 Western District consumers to purchase goods from Old Navy.

24       18.     **Venue.** Venue is proper in the Western District of Washington under 28 U.S.C.

25 § 1391(b) because, without limitation, a substantial part of the events or omissions giving rise

26 to Plaintiff's claims occurred in the Western District of Washington. For example, but without

27 limitation, Plaintiff Nemykina was in King County, Washington, when she saw the false

28

---

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **5** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

discount representations on the Old Navy website and placed her order on the website after relying on the false discount representations on the website.

19.     **Intra-District Assignment.** Plaintiff Nemykina resides in King County and purchased the products which are the subject of this lawsuit online from Old Navy's website while in King County, which is within the Western District of Washington.

## IV.     FACTUAL ALLEGATIONS OF OLD NAVY'S NATIONWIDE SCHEME

20.     Old Navy, which is headquartered in San Francisco, California, is a popular retailer which calls itself "one of the fastest-growing apparel brands in the U.S. and category leader in family apparel." Old Navy currently operates approximately 1,100 brick-and-mortar Old Navy and Old Navy Outlet retail stores throughout the United States, including 29 in the State of Washington. Old Navy also operates a retail website at http://oldnavy.gap.com, by which Old Navy advertises and sells its goods, which is regularly seen and used to purchase goods from Old Navy by consumers in Washington and throughout the United States. Approximately 80% of Old Navy's $7.2 billion annual U.S. sales are in its brick-and-mortar Old Navy and Old Navy Outlet stores, and the remaining 20% of its sales are online on its retail website.

21.     Almost all the items offered by Old Navy are branded as "Old Navy" products and are exclusively offered by Old Navy on its website and in its retail stores. I.e., the products offered by Old Navy are not offered by, and are not available from, any other retailer. Old Navy markets its products via its website, its company-owned retail stores, Internet advertising, email campaigns, television advertising, print newspaper and magazine advertising, and direct mail.

22.     In significant part, however, Old Navy's growth and profitability have been the product of a massive false discount advertising scheme. Old Navy advertises perpetual or near perpetual discounts (typically a purported savings of 30% to 60% off) from Old Navy's self-created list prices for its products. Old Navy represents its list prices to be the "regular" and normal prices of its products, and the list prices function as reference prices from which the advertised discounts and percentage-off sales are calculated.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **6** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

23.     Old Navy's discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price. Old Navy invents inflated and fictitious list prices out of thin air in order to enable it to advertise perpetual website-wide and store-wide "sale" events and product discounts to induce customers to purchase its products. Old Navy's marketing plan is to trick its customers into believing that its products are worth and have a value equal to the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's usual and normal selling price for the product.

24.     Decades of academic research has established that the use of reference prices, such as those utilized by Old Navy, materially impacts consumers' behavior. A reference price affects a consumer's perception of the value of the transaction, the consumer's willingness to make the purchase, and the amount of money the consumer is willing to pay for the product.[1]

25.     When a reference price is bona fide and truthful, it may help consumers in making informed purchasing decisions. In contrast, consumers are harmed when retailers, such as Old Navy, advertise their products with inflated false reference prices. The false reference prices deceive consumers, deprive consumers of a fair opportunity to accurately evaluate the offer, and result in purchasing decisions based on false pretenses.

26.     False reference pricing such as that employed by Old Navy causes consumers to

---

[1] See, *e.g.*, Rajesh Chandrashekaran & Dhruv Grewal, *Assimilation of Advertised Reference Prices: The Moderating Role of Involvement*, 79 J. Retailing 53 (2003); Pilsik Choi & Keith S. Coulter, *It's Not All Relative: The Effects of Mental and Physical Positioning of Comparative Prices on Absolute Versus Relative Discount Assessment*, 88 J. Retailing 512 (2012); Larry D. Compeau & Dhruv Grewal, *Comparative Price Advertising: An Integrative Review,* 17 J. Pub. Pol'y & Mktg. 257 (1998); Larry D. Compeau, Dhruv Grewal & Rajesh Chandrashekaran, *Comparative Price Advertising: Believe It or Not*, 36 J. Consumer Aff. 284 (2002); David Friedman, *Reconsidering Fictitious Pricing*, 100 Minn. L. Rev. 921 (2016); Dhruv Grewal & Larry D. Compeau, *Consumer Responses to Price and its Contextual Information Cues: A Synthesis of Past Research, a Conceptual Framework, and Avenues for Further Research*, in 3 Rev. of Mktg. Res. 109 (Naresh K. Malhotra ed., 2007); Daniel J. Howard & Roger A. Kerin, *Broadening the Scope of Reference Price Advertising Research: A Field Study of Consumer Shopping Involvement*, 70 J. Mktg. 185 (2006); Aradhna Krishna, Richard Briesch, Donald R. Lehmann & Hong Yuan, *A Meta-Analysis of the Impact of Price Presentation on Perceived Savings*, 78 J. Retailing 101 (2002); Balaji C. Krishnan, Sujay Dutta & Subhash Jha, *Effectiveness of Exaggerated Advertised Reference Prices: The Role of Decision Time Pressure*, 89 J. Retailing 105 (2013); and Tridib Mazumdar, S. P. Raj & Indrahit Sinha, *Reference Price Research: Review and Propositions*, 69 J. Mktg. 84 (2005).

**HATTIS & LUKACS**
400 108ᵗʰ Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  pay more than they otherwise would have paid for products. False reference pricing also

2  fraudulently increases consumer demand for products, enabling retailers to charge higher prices

3  than they otherwise could have charged.

4       27.    Beyond the adverse impact upon consumers' welfare, the practice of employing

5  false reference pricing also negatively affects the integrity of competition in retail markets. A

6  retailer's use of false reference prices constitutes an unfair method of competition, injuring

7  honest competitors that sell the same or similar products, or otherwise compete in the same

8  market, using valid and accurate reference prices. Businesses who play by the rules—and the

9  investors in those businesses—are penalized if the unlawful advertising practices of their

10  competitors go unchecked.

11       28.    Washington and California law, as well as federal regulations, prohibit false

12  reference pricing practices such as those perpetrated by Old Navy. Washington's Unfair

13  Competition law generally forbids unfair business practices and false advertising (i.e., RCW

14  19.86.090). California's Unfair Competition Law and False Advertising Law likewise forbid

15  unfair business practices and false advertising (i.e., Cal. Bus. and Prof. Code §§ 17200 *et seq.*

16  and 17500 *et seq.*). Regarding sales to consumers for household purposes, the California

17  Consumers Legal Remedies Act prohibits "[m]aking false or misleading statements of fact

18  concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ.

19  Code § 1770(a)(13).

20       29.    The United States Court of Appeals for the Ninth Circuit has recognized the

21  abuses that flow from false reference pricing practices: "Most consumers have, at some point,

22  purchased merchandise that was marketed as being 'on sale' because the proffered discount

23  seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain,

24  therefore have an incentive to lie to their customers by falsely claiming that their products have

25  previously sold at a far higher 'original' price in order to induce customers to purchase

26  merchandise at a purportedly marked-down 'sale' price. Because such practices are

27  misleading—and effective—the California legislature has prohibited them." *Hinojos v. Kohl's*

28  *Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013).

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **8** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

30.     The California Court of Appeal has likewise recognized the importance of false reference price advertising statutes in protecting consumers: "Our Legislature has adopted multiple statutes that specifically prohibit the use of deceptive former price information and misleading statements regarding the amount of a price reduction. … These statutes make clear that … our Legislature has concluded 'reasonable people can and do attach importance to [a product's former price] in their purchasing decisions.' (alterations in original) (quoting Kwikset Corp. v. Superior Court, 246 P.3d 877, 892 (Cal. 2011))." *Hansen v. Newegg.com Americas, Inc.*, 25 Cal.App.5th 714, 730 (2018).

31.     The Federal Trade Commission ("FTC") has also described what constitutes false reference pricing practices:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious -- for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction -- the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such cases, the "reduced price" is, in reality, probably just the seller's regular price.

16 C.F.R § 233.1.

32.     Old Navy's false discounting scheme is similar in all material respects to the deceptive practices described and prohibited by these false reference pricing laws and regulations.

33.     Plaintiff's allegations concerning Old Navy's false discount advertising scheme are based on a comprehensive investigation by Plaintiff's counsel of Old Navy's pricing practices for several years. Plaintiff's counsel has been monitoring and scraping Old Navy's website on an automated daily basis with a proprietary software program since October 15, 2017. Plaintiff's counsel has compiled and extracted daily pricing and marketing data from the website for nearly all of the products Old Navy has offered during this time. In total, Plaintiff's counsel has assembled and analyzed a comprehensive historical database of daily prices and time-stamped screenshots of approximately 6.2 million daily offerings for approximately

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **9** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

49,379 products over this more than two-year period. For the earlier period 2015 through October 14, 2017, Plaintiff's counsel has also reviewed hundreds of historical screenshots at the Internet Archive (also called the Wayback Machine) at www.archive.org. Plaintiff's counsel's review of historical Old Navy screenshots at the Internet Archive found that Old Navy's false advertising practices were substantially the same during the 2015 through October 14, 2017 period as they were for the period tracked by Plaintiff's counsel since October 15, 2017.

34.     Plaintiff's counsel's exhaustive big-data analysis of millions of data points over a more than two-year period for approximately 50 thousand products shows that Old Navy's advertised website-wide "sale" events and advertised percentage-off and dollar discounts are false, and that its list prices (i.e., reference prices) from which the discounts are calculated are false and inflated. For many products, Old Navy never or almost never offers the products at the list price. For most of its products, Old Navy typically offers the products at the list price less than ten percent of the time.

35.     Plaintiff anticipates that Old Navy may argue that while Old Navy may have rarely or never offered its products at the list price on its website, Old Navy may nonetheless have, in theory, "established" the list price by sales at the list price in its brick-and-mortar retail stores. However, this defense does not hold water. Plaintiff's counsel has also investigated brick-and-mortar Old Navy and Old Navy Outlet retail stores and has found that Old Navy's false discount practices and product pricing are substantially the same both online and in-store. Virtually all the products that Old Navy offers in its brick-and-mortar retail stores are also available and advertised on the Old Navy website. Based on the investigation of Plaintiff's counsel, Old Navy offers and advertises these products with identical list prices and at substantially the same sale prices both on the Old Navy website and in Old Navy and Old Navy Outlet brick-and-mortar stores in Washington and throughout the nation.

36.     For example, the images below demonstrate how Old Navy's list prices, sales prices, and advertised purported discounts are substantially the same both online and in-store:

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **10** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

| "Old Navy" Store<br>San Francisco on May 22, 2019 | Old Navy Website<br>May 22, 2019 |
|---|---|
| Mid-Rise Rockstar Super Skinny Step-Hem Jeans<br>Sale Price: $24.00; List Price $39.99 | Mid-Rise Rockstar Super Skinny Step-Hem Jeans<br>Sale Price: $24.00; List Price $39.99 |




16      37.      The left photograph was taken at the Old Navy mainline store in San Francisco,

17  California, on May 22, 2019. It shows Old Navy was offering the Mid-Rise Rockstar Super

18  Skinny Step-Hem Jeans "**NOW** 40% off" from the "REG." price of $39.99. The purported

19  regular price, i.e., the list price, of $39.99 is printed on both the signage and on the price tag

20  attached to the jeans. The right screenshot was taken the same day on May 22, 2019, on the Old

21  Navy website on the product webpage for the same pair of jeans. On the website, Old Navy

22  advertises the identical $39.99 reference price (with a strike-through), and advertises the

23  identical $24.00 "sale" price (calling it a "Hot Deal!").

24      38.      The price and discount representations regarding the jeans on the in-store

25  signage and price tag, and on the product webpage on the Old Navy website, are false and

26  misleading because based on Plaintiff's counsel's data, the purported "sale" price is in fact

27  approximately equal to Old Navy's usual selling price for the jeans, and the jeans are not in fact

28  worth, and do not have a value equal to, the $39.99 list price.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **11** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

39.     Below is another example demonstrating how Old Navy's list prices, sales prices, and advertised purported discounts are substantially the same both online and in-store:



**"Old Navy" Store**
**Bellevue, WA on April 19, 2019**

Flutter-Sleeve Jersey Swing Dress
Sale Price: $15.00; List Price $29.99

**Old Navy Website**
**April 19, 2019**

Flutter-Sleeve Jersey Swing Dress
Sale Price: $15.00; List Price $29.99

40.     The left photograph was taken at the Old Navy mainline store in Bellevue, Washington, on April 19, 2019. It shows Old Navy was offering the Flutter-Sleeve Jersey Swing Dress "**NOW 50% OFF**" from the reference price of $29.99 printed on the tag. The right screenshot was taken the same day on April 19, 2019, on the Old Navy website on the product webpage for the same dress. On the website, Old Navy advertises the identical $29.99 list price (with a strike-through), and offers the identical stated "50% Off" discount and $15.00 "sale" price.

41.     The price and discount representations regarding the dress on the in-store

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **12** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

signage and price tag, and on the product webpage on the Old Navy website, are false and misleading because based on Plaintiff's counsel's data, the purported "50% Off" sale price is in fact approximately equal to Old Navy's usual selling price for the dress, and the dress is not in fact worth, and does not have a value equal to, the $29.99 list price.

42.    For most days of the year, Old Navy advertises website-wide (and brick-and-mortar store-wide) sales of most of its Old Navy-branded products at a fixed percentage-off (typically ranging from 30% to 60% off) or at a specified dollar discount from an advertised— and self-created—list price. The specific amounts of the dollar discount or percentage-off may slightly change over time, but the existence of a significant discount is perpetual. Products are rarely if ever offered in any Old Navy sales channel at the list price.

43.    Based on investigation of Plaintiff's counsel, on those rare occasions that Old Navy offers its near-perpetually discounted products at the list price, it does so in bad faith, solely for the purpose of "establishing" its list price to attempt to exculpate itself from legal liability for its illegal pricing scheme. Old Navy expects to sell few if any products at list price, and in fact Old Navy sells few if any of its products at list price.

44.    As a direct and proximate result of Old Navy's acts and omissions, all Washington consumers who have purchased a product on the Old Navy website that was advertised with a false reference price and/or false discount have been harmed, have suffered an injury-in-fact, and have lost money or property.

45.    Old Navy's false advertising scheme has harmed all of its Washington customers who purchased a falsely discounted product on the Old Navy website by fraudulently increasing demand for its products, thereby shifting the demand curve and enabling Old Navy to charge its customers more than it otherwise could have charged and to generate more sales than it otherwise would have generated.

46.    Customers did not enjoy the actual discounts Old Navy represented to them, and the products were not in fact worth the inflated amount that Old Navy represented to them (i.e., the products were not actually worth the fictitious and invented list price).

47.    The false or misleading nature of Old Navy's reference prices and purported

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE 13 OF 32

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  discounts were at all relevant times masked or concealed or hidden such that an ordinary

2  consumer exercising reasonable care under all the circumstances would not have known of or

3  discovered their false or misleading nature.

4       48.    Old Navy continues to advertise false reference prices and false percentage-off

5  and dollar discounts on its website to this day. There is no reason to believe that Old Navy will

6  voluntarily and permanently cease its unlawful practices. Moreover, in the unlikely event that

7  Old Navy were to cease its unlawful practices, Old Navy can and/or is likely to recommence

8  these unlawful practices.

9       49.    In acting toward consumers and the general public in the manner alleged herein,

10 Old Navy acted with and was guilty of malice, fraud, and/or oppression and/or acted in a

11 manner with a strong and negative impact upon Plaintiff, the Class and the public.

12 **V.     PLAINTIFF'S FACTUAL ALLEGATIONS**

13      50.    Plaintiff Anna Nemykina is, and at all relevant times has been, a resident and

14 citizen of Washington State.

15      51.    On December 1, 2016, Ms. Nemykina visited the Old Navy website to shop for

16 potential Christmas gifts for friends and family. While browsing the website, Ms. Nemykina

17 saw prominent advertising that Old Navy was offering significant "savings" throughout its

18 website. Ms. Nemykina searched for and viewed various clothing items, including sleep sets for

19 boys, crew-neck tees for men and women, and bodysuits for infants. Nearly all of the products

20 she viewed were advertised as being discounted from a reference price. Mr. Nemykina viewed

21 a strike-through reference price for the items, alongside a lower "sale" price.

22      52.    Relying on Old Navy's representations, Ms. Nemykina reasonably believed that

23 the clothing items were normally offered and sold by Old Navy at the higher advertised list

24 prices (i.e., reference prices). Ms. Nemykina reasonably believed that the products were worth,

25 and had a value of, the higher stated reference prices. Ms. Nemykina reasonably believed that

26 the advertised "sale" prices represented a special bargain, where Old Navy was temporarily

27 offering the clothing products at a significant discount from the regular and normal selling

28 prices for the products. Relying on Old Navy's representations, Ms. Nemykina added the

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **14** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

products to her online shopping cart and then purchased the products. Ms. Nemykina designated the shipping address for the entire order to be the address of a relative in California to whom she would soon be traveling and with whom should would be staying during the holiday season. Attached as **Exhibit A** is a copy of the email receipt of the order which lists the items purchased, with personal information redacted.

53.     However, Old Navy's representations and advertised discounts were false and deceptive. In reality, and unbeknownst to Ms. Nemykina, Old Navy had never or almost never offered the products at the higher purported "regular" prices Old Navy advertised on its website for the products.

54.     Old Navy had fooled Ms. Nemykina. The clothing items she purchased were not in fact worth the list prices that Old Navy had led her to believe. Contrary to Old Navy's representations, Ms. Nemykina did not receive any deal at all; the prices she paid for the clothing items were in fact approximately equal to Old Navy's usual and normal selling prices for the items.

55.     Old Navy's advertised false reference prices and advertised false discounts were material misrepresentations and inducements to Ms. Nemykina's purchase.

56.     Ms. Nemykina reasonably relied on Old Navy's material misrepresentations. If Ms. Nemykina had known the truth, she would have acted differently and/or would not have purchased the products from Old Navy.

57.     These misrepresentations by Old Navy are material misrepresentations, in that they are the type of representations on which an ordinary prudent person would rely upon in conducting his or her affairs.

58.     As a direct and proximate result of Old Navy's acts and omissions, Ms. Nemykina was harmed, suffered an injury-in-fact, and lost money or property.

59.     Old Navy's false advertising harmed Ms. Nemykina by causing her to pay more than she otherwise would have paid and to buy more than she otherwise would have bought. Ms. Nemykina did not enjoy the stated discounts from the purported "regular" prices that Old Navy represented to her (i.e., the reference prices), and the products were not, in fact, worth as

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **15** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   much as Old Navy represented them to be worth (i.e., the clothing items were not worth the

2   inflated and fictitious reference prices).

3        60.    Ms. Nemykina has a legal right to rely now, and in the future, on the truthfulness

4   and accuracy of Old Navy's representations regarding its advertised reference prices and

5   discounts.

6        61.    Ms. Nemykina would shop on Old Navy's website again if she could have

7   confidence regarding the truth of Old Navy's prices and the value of its products.

8        62.    Ms. Nemykina will be harmed if, in the future, she is left to guess as to whether

9   Old Navy is providing a legitimate sale or not, and whether products are actually worth the

10  amount that Old Navy is representing.

11       63.    If Ms. Nemykina were to purchase again from Old Navy without Old Navy

12  having changed its unlawful and deceptive conduct alleged herein, Ms. Nemykina would be

13  harmed on an ongoing basis and/or would be harmed once or more in the future.

14       64.    The deceptive practices and policies alleged herein, and experienced directly by

15  Ms. Nemykina, are not limited to any single product or group of products. Rather, Old Navy's

16  deceptive advertising and sales practices were, and continue to be, systematic and pervasive

17  across nearly all of Old Navy's products across not only Old Navy's website, but also across all

18  of Old Navy's sales channels in Washington and nationwide including in Old Navy and Old

19  Navy Outlet brick-and-mortar retail stores.

20  **VI.**    **CLASS ACTION ALLEGATIONS**

21       65.    Plaintiff brings this class-action lawsuit on behalf of herself and the members of

22  the following class (the "Class"):

23            **All residents of the State of Washington who, within the applicable**
    **limitations period, purchased from the Old Navy website one or**
24  **more products which was advertised or promoted by displaying or**
    **disseminating a reference price or discount.**

25       66.    Specifically excluded from the Class are the Defendants, any entity in which a

26  Defendant has a controlling interest or which has a controlling interest in a Defendant, each

27  Defendant's agents and employees and attorneys, the bench officers to whom this civil action is

28  assigned, and the members of each bench officer's staff and immediate family.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **16** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

67.     ***Numerosity.*** Plaintiff does not know the exact number of Class members but is informed and believe that the Class easily comprises tens of thousands of individuals. As such, Class members are so numerous that joinder of all members is impracticable.

68.     ***Commonality and Predominance.*** Well-defined, nearly identical legal or factual questions affect the members of the Class. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

      a.     Old Navy's policies and actions regarding its advertising;

      b.     The accuracy of Old Navy's advertised reference prices and discounts;

      c.     Whether the alleged conduct of Old Navy violates the Washington Consumer Protection Act, RCW Chapter 19.86;

      d.     Whether the alleged conduct of Old Navy violates the FTC Guides Against Deceptive Pricing, 16 C.F.R. § 233.1 *et seq.*;

      e.     Whether the alleged conduct of Old Navy violates California Civil Code § 1750 *et seq.*, California Business & Professions Code § 17500 *et seq.*, and/or California Business & Professions Code § 17200 *et seq.*;

      f.     Whether Plaintiff and the Class have suffered injury and have lost money or property as a result of such false or misleading discounts and reference prices;

      g.     Whether Defendants should be ordered to disgorge their unjust enrichment; and

      h.     Whether Old Navy should be enjoined from further engaging in the misconduct alleged herein.

69.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

70.     The party opposing the Class has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **17** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

Class as a whole.

71.    ***Typicality.*** Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a result of Defendants' practices and schemes.

72.    ***Adequacy.*** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel who have considerable experience and success in prosecuting complex class action and consumer protection cases.

73.    Further, a class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of their claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Old Navy's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

74.    By its conduct and omissions alleged herein, Old Navy has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

75.    The nature of Old Navy's misconduct is non-obvious and/or obscured from public view, and neither Plaintiff nor the members of the Class could have, through the use of reasonable diligence, learned of the accrual of their claims against Old Navy at an earlier time. This Court should, at the appropriate time, apply the discovery rule to extend any applicable limitations period (and the corresponding class period) to the date on which Old Navy first began perpetrating the false reference price and false discount advertising scheme alleged herein.

76.    The Court will likely need to decide whether Washington law or California law

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **18** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

applies to Plaintiff's claims. Until the Court makes this determination, Plaintiff hereby pleads her claims under both states' laws, as reflected in the causes of action listed below.

## CAUSES OF ACTION

### COUNT I
### Violation of the Washington Consumer Protection Act
### RCW Chapter 19.86

77.     Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

78.     Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and/or as a representative of a putative class.

79.     The Washington Consumer Protection Act (the "CPA"), RCW 19.86, was first enacted in 1961 and is Washington's principal consumer protection statute. The CPA "replaces the now largely discarded standard of *caveat emptor* with a standard of fair and honest dealing." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction).

80.     The CPA's primary substantive provision declares unfair methods of competition and unfair or deceptive acts or practices to be unlawful. RCW 19.86.020. "Private rights of action may now be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. RCW 19.86.090. A private plaintiff may be eligible for treble damages . . . . Private consumers may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights. RCW 19.86.090." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction).

81.     The acts and omissions of Old Navy constitute unfair methods of competition and/or unfair or deceptive acts or practices which directly or indirectly affect the people of the State of Washington and which have injured Plaintiff Nemykina and the members of the Class in his or her or its business or property and which was the cause of said injury.

82.     Defendants engage in the conduct of trade or commerce. For example, and without limitation, Defendants engage in the sale of assets (including the tangible personal

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **19** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    property that the Defendants sell) and engaged in commerce directly or indirectly affecting the

2    people of the State of Washington.

3         83.     As a direct, substantial and/or proximate result of these violations, Plaintiff and

4    the members of the Class suffered injury to business or property. Plaintiff and the members of

5    the Class paid more than they otherwise would have paid for the products they purchased from

6    Defendants and they bought more than they otherwise would have bought from Defendants.

7    Defendants' false reference pricing scheme fraudulently increased demand from consumers,

8    enabling Defendants to charge higher prices than they otherwise could have charged.

9         84.     The acts and/or omissions of each defendant pled herein are injurious to the

10   public interest because said acts and/or omissions: violate a statute that incorporates

11   RCW Chapter 19.86, violate a statute that contains a specific legislative declaration of public

12   interest impact, injures other persons, had the capacity to injure other persons, and/or has the

13   capacity to injure other persons.

14        85.     The unlawful acts and omissions pled herein were committed in the course of

15   Defendants' business. The unlawful acts and omissions pled herein were, are, and continue to

16   be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled

17   herein were repeatedly committed prior to the acts involving Plaintiff Nemykina. There is a real

18   and substantial potential for repetition of Defendants' conduct after the acts involving Plaintiff;

19   indeed, the conduct continues to this day. This Complaint is not based upon a single

20   transaction. The acts and omissions of Defendants pled herein were, and are not, reasonable in

21   relation to the development and preservation of business.

22        86.     The balance of the equities favors the entry of permanent injunctive relief

23   against Defendants. Plaintiff, the members of the Class and the general public will be

24   irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff,

25   the members of the Class and the general public lack an adequate remedy at law. A permanent

26   injunction against Defendants is in the public interest. Defendants' unlawful behavior is

27   ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction,

28   Defendants' unlawful behavior will not cease and, in the unlikely event that it voluntarily

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **20** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   ceases, is likely to reoccur.

2                              **COUNT II**
3   **Permanent Public Injunctive Relief Under The Washington Consumer Protection Act
    (RCW 19.86.093)**

4        87.    Plaintiff realleges and incorporates by reference all paragraphs alleged
5   hereinbefore.

6        88.    Plaintiff brings this claim in her individual capacity, in her capacity as a private
7   attorney general seeking the imposition of public injunctive relief, and/or as a representative of
8   a putative class.

9        89.    This is a civil action in which an unfair or deceptive act or practice is alleged
10  under RCW 19.86.020.

11       90.    The acts and omissions of Defendants constitute unfair methods of competition
12  and/or unfair or deceptive acts or practices which directly or indirectly affect the people of the
13  State of Washington and which have injured Plaintiff and the members of the Class in his or
14  her or its business or property and which was the cause of said injury.

15       91.    Defendants engage in the conduct of trade or commerce. For example, and
16  without limitation, Defendants engage in the sale of assets (including the tangible personal
17  property that Defendants sell) and engaged in commerce directly or indirectly affecting the
18  people of the State of Washington.

19       92.    As a direct, substantial and/or proximate result of these violations, Plaintiff and
20  the members of the Class suffered injury to business or property. Plaintiff and the members of
21  the Class paid more than they otherwise would have paid for the products they purchased from
22  Defendants and they bought more than they otherwise would have bought from Defendants.
23  Defendants' false reference pricing scheme fraudulently increased demand from customers,
24  enabling Defendants to charge higher prices than they otherwise could have charged.

25       93.    The acts and/or omissions of each defendant pled herein are injurious to the
26  public interest because said acts and/or omissions: violate a statute that incorporates
27  RCW Chapter 19.86, violates a statute that contains a specific legislative declaration of public

28

---

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **21** OF **32**

interest impact, injures other persons, had the capacity to injure other persons, and/or has the capacity to injure other persons.

94.     The unlawful acts and omissions pled herein were committed in the course of Defendants' business. The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct. The unlawful acts and omissions pled herein were repeatedly committed prior to the acts involving Plaintiff. There is a real and substantial potential for repetition of Defendants' conduct after the act involving Plaintiff; indeed, the conduct continues to this day. This Complaint is not based upon a single transaction.

95.     Defendants have an affirmative duty under the law to advertise their products in a manner which is not false, deceptive or misleading. Plaintiff and the rest of the public should not be put to the burden of having to guess or take extraordinary efforts to ascertain which discounts or other representations made by a defendant in its advertising are true or false, accurate or misleading. Plaintiff and the general public have the right to assume that all of Defendants' advertising conforms with the law.

96.     If not enjoined by order of this Court, Defendants will or may continue to injure Plaintiff and Washington consumers through the misconduct alleged herein. Without the entry of a permanent injunction, Defendants' unlawful behavior is capable of repetition, re-occurrence or increase.

97.     The balance of the equities favors the entry of permanent injunctive relief against Defendants. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff, the members of the Class, and the general public lack an adequate remedy at law. A permanent injunction against Defendants is in the public interest. Defendants' unlawful behavior is ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendants' unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur or is otherwise capable of reoccurring.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **22** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## COUNT III
### Violation of the California Consumers Legal Remedies Act
### California Civil Code § 1750 *et seq.*

98.     Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

99.     Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and/or as a representative of a putative class.

100.     Each of Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., The Gap, Inc., and each Doe defendant is a "person," as defined by California Civil Code § 1761(c).

101.     Plaintiff Anna Nemykina is a "consumer," as defined by California Civil Code § 1761(d).

102.     The products purchased by Plaintiff from Old Navy are "goods" as defined by California Civil Code § 1761(a).

103.     Plaintiff's purchases from Old Navy constitutes a "transaction," as defined by California Civil Code § 1761(e).

104.     The unlawful methods, acts or practices alleged herein to have been undertaken by Old Navy were all committed intentionally. The unlawful methods, acts or practices alleged herein to have been undertaken by Old Navy did not result from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid such error.

105.     With regard to this count of the pleading which alleges one or more violations of the CLRA, venue is proper in the Western District of Washington because, without limitation, King County is the county in which the transaction occurred (i.e., Plaintiff Nemykina was in King County, Washington, when she saw the false discount representations on the Old Navy website and placed her order on the website), and King County is a county in which Old Navy is doing business. A declaration establishing that this Court has proper venue for this count is attached hereto as **Exhibit B**.

106.     Old Navy's methods, acts and/or practices, including Old Navy's

---

misrepresentations, active concealment, and/or failures to disclose, violated and continue to violate the CLRA in ways including, but not limited to, the following:

1. Old Navy misrepresented that its products had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

2. Old Navy advertised its products with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

3. Old Navy made false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770(a)(13)); and

4. Old Navy represented that its products were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)).

107. With respect to omissions, Old Navy at all relevant times had a duty to disclose the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Old Navy concealed material information from Plaintiff and the Class; and/or (c) Old Navy made partial representations which were false and misleading absent the omitted information.

108. Old Navy's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

109. Old Navy's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

110. As a direct and proximate result of these violations, Plaintiff and the Class suffered injury-in-fact and lost money.

111. Plaintiff and the Class paid more than they otherwise would have paid for the products they purchased from Old Navy and they bought more than they otherwise would have bought from Old Navy.

112. Plaintiff and the Class did not enjoy the actual discounts Old Navy represented to them, and the products were not in fact worth the inflated amount that Old Navy represented to them (i.e., the products were not actually worth the fictitious and invented list price).

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **24** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

113.    Old Navy's false advertising scheme has harmed all of its customers by fraudulently increasing demand for its products, thereby shifting the demand curve and enabling Old Navy to charge its customers more than it otherwise could have charged and to generate more sales than it otherwise would have generated.

114.    Old Navy's conduct alleged herein caused substantial injury to Plaintiff, the Class, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from committing such practices.  Plaintiff also seeks attorneys' fees and costs.

115.    Plaintiff individually seeks public injunctive relief, under the CLRA, to protect the general public from Old Navy's false discount advertising and omissions.

116.    In accordance with California Civil Code § 1782(a), on December 2, 2019, Plaintiff's counsel served Old Navy with notice of its CLRA violations by certified mail, return receipt requested. A true and correct copy of that notice is attached hereto as **Exhibit C**. Old Navy acknowledged receipt of the CLRA demand notice on December 6, 2019, as evidenced by the Domestic Return Receipt signed by its employee and/or agent and by the tracking history obtained from the USPS website, true and accurate copies of which are attached hereto as **Exhibit D**.

117.    Old Navy has refused or failed to timely respond to the CLRA demand notice.

118.    Old Navy has failed to provide appropriate relief for its CLRA violations within 30 days of its receipt of Plaintiff's demand notice. Accordingly, pursuant to Sections 1780 and 1782(b) of the CLRA, Plaintiff is entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

**COUNT IV**
**Violation of California's False Advertising Law**
**California Business and Professions Code § 17500 *et seq*.**

119.    Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

120.    Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and/or as a representative of

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **25** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

a putative class.

121.    Old Navy has engaged in false or misleading advertising in violation of California's statutory False Advertising Law ("FAL").

122.    Old Navy has advertised reference prices and corresponding discounts that are false, misleading, and/or have a capacity, likelihood or tendency to deceive reasonable consumers. *See, e.g.*, *Kasky*, 27 Cal.4th at 951 (UCL and FAL prohibit "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public" (citation omitted)); *Hansen v. Newegg.com Americas, Inc.*, 25 Cal.App. 5th 714, 722 (2018) (same); *Overstock.com, Inc.*, 2014 WL 657516, at *23 (same).

123.    Old Navy, with intent directly or indirectly to dispose of personal property or to perform services, or to induce the public to enter into any obligation relating thereto, makes, disseminates, has made or disseminated, causes to be made or disseminated, and/or has caused to be made or disseminated, before the public in the State of Washington and throughout the United States, in any newspaper or other publication, or any advertising device, or by public outcry or by proclamation, or in any other manner or means, including over the Internet, statements concerning that personal property or those services, and/or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which are untrue or misleading and which are known (or which by the exercise of reasonable care should be known) to be untrue or misleading.

124.    Independently, Old Navy has made or disseminated or caused to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.

125.    With respect to omissions, Old Navy at all relevant times had a duty to disclose the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Old Navy concealed material information from Plaintiff and the Class; and/or (c) Old Navy made partial

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **26** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

representations which were false and misleading absent the omitted information.

126.   Old Navy committed such violations of the False Advertising Law with actual knowledge that its advertising was untrue or misleading, or Old Navy, in the exercise of reasonable care, should have known that its advertising was untrue or misleading.

127.   Plaintiff and the Class reasonably relied on Old Navy's representations and/or omissions made in violation of the False Advertising Law.

128.   As a direct and proximate result of these violations, Plaintiff and the Class suffered injury-in-fact and lost money.

129.   Old Navy should be ordered to disgorge or make restitution of all monies improperly accepted, received or retained.

130.   Old Navy's conduct has caused substantial injury to Plaintiff, the Class, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from committing such violations of the FAL. Plaintiff further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

131.   Absent injunctive relief, Old Navy will continue to injure Plaintiff and the Class. Old Navy's misrepresentations and omissions are ongoing. Even if such conduct were to cease, it is behavior that is capable of repetition or reoccurrence by Old Navy.

132.   Plaintiff individually seeks public injunctive relief, under the FAL, to protect the general public from Old Navy's false discount advertising and omissions.

**COUNT V**
**Violation of California's Unfair Competition Law**
**California Business and Professions Code § 17200 *et seq.***

133.   Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

134.   Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and/or as a representative of a putative class.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **27** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

135.    Defendant Old Navy's acts and omissions alleged herein constitute unfair competition and/or unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code § 17200 *et seq.* (the "Unfair Competition Law" or "UCL").

136.    Old Navy's conduct and omissions alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and the Class. There is no utility to Old Navy's conduct, and even if there were any utility, it would be significantly outweighed by the gravity of the harm to consumers caused by Old Navy's conduct alleged herein.

137.    Old Navy's conduct and omissions alleged herein also violate California public policy, including as such policy is reflected in Cal. Civ. Code § 1750 *et seq.* and Cal. Civ. Code §§ 1709-1710.

138.    By its conduct and omissions alleged herein, Old Navy has violated the "unlawful" prong of the UCL, including by making material misrepresentations and omissions in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Civ. Code § 1750, *et seq.*; engaging in deceit in violation of Cal Civ. Code §§ 1709-1710; employing deceptive reference price advertisements as identified by 16 C.F.R § 233.1 *et seq.*; and by making material misrepresentations and omissions in violation of the Washington Consumer Protection Act, RCW Chapter 19.86.

139.    Old Navy has violated the "fraudulent" prong of the UCL by advertising its products with a false and inflated reference price and with a false discount.

140.    With respect to omissions, Old Navy at all relevant times had a duty to disclose the information in question because, *inter alia*: (a) Old Navy had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Old Navy concealed material information from Plaintiff and the Class; and/or (c) Old Navy made partial representations which were false and misleading absent the omitted information.

141.    Old Navy's material misrepresentations and nondisclosures were likely to mislead reasonable consumers, existing and potential customers, and the public.

142.    Old Navy's misrepresentations and nondisclosures deceive and have a tendency

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **28** OF **32**

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

to deceive the general public and reasonable consumers.

143.    Old Navy's misrepresentations and nondisclosures are material, such that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

144.    Plaintiff and the Class reasonably relied on Old Navy's material misrepresentations and nondisclosures, and would have acted differently if they had known the truth.

145.    By its conduct and omissions alleged herein, Old Navy received more money from Plaintiff and the Class than it should have received, and that money is subject to restitution.

146.    As a direct and proximate result of Old Navy's unfair, unlawful, and fraudulent conduct, Plaintiff and the Class lost money.

147.    Old Navy's conduct has caused substantial injury to Plaintiff, Class members, and the public. Old Navy's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Old Navy from committing such unlawful, unfair, and fraudulent business practices. Plaintiff further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

148.    Absent injunctive relief, Old Navy will continue to injure Plaintiff and the Class. Old Navy's misrepresentations and omissions are ongoing. Even if such conduct were to cease, it is behavior that is capable of repetition or reoccurrence by Old Navy.

149.    Plaintiff individually seeks public injunctive relief, under the UCL, to protect the general public from Old Navy's false discount advertising and omissions.

## COUNT VI
### Permanent Public Injunctive Relief Under California Law
### All California Statutory, Inherent and Other Authority
### (Individually)

150.    Plaintiff realleges and incorporates by reference all paragraphs alleged hereinbefore.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    151.    Plaintiff brings this claim in her individual capacity.

2    152.    Public injunctive relief is a remedy which is authorized and recognized by the

3  laws of California. Public injunctive relief is defined as an injunction which seeks "not to

4  resolve a private dispute but to remedy a public wrong." *Broughton v. Cigna Healthplans of*

5  *California*, 21 Cal. 4th 1066, 1080 (1999). "Whatever the individual motive of the party

6  requesting injunctive relief, the benefits of granting injunctive relief by and large do not accrue

7  to that party, but to the general public in danger of being victimized by the same deceptive

8  practices as the plaintiff suffered.  . . . .  In other words, the plaintiff in a CLRA damages action

9  is playing the role of a bona fide private attorney general." *Ibid*.

10    153.    Three of Plaintiff's claims are brought under California statutes which empower

11  the Court to craft wide-ranging injunctions to benefit consumers at large. "In previous

12  decisions, this court has said that the statutory remedies available for a violation of the

13  Consumers Legal Remedies Act (CLRA; Civ. Code, § 1750 *et seq.*), the unfair competition law

14  (UCL; Bus. & Prof. Code, § 17200 *et seq.*), and the false advertising law (id., § 17500 *et seq.*)

15  include public injunctive relief, i.e., injunctive relief that has the primary purpose and effect of

16  prohibiting unlawful acts that threaten future injury to the general public." *McGill v. Citibank,*

17  *N.A.*, 2 Cal. 5th 945, 951 (2017).

18    154.    If not enjoined by order of this Court, Old Navy is free to resume its unlawful

19  behavior and injure Plaintiff and Washington consumers purchasing products on the Old Navy

20  website through the misconduct alleged herein once more. Old Navy has a duty to speak

21  truthfully or in a non-misleading manner.

22    155.    Plaintiff would shop at Old Navy again if she could have confidence regarding

23  the truth of Old Navy's prices and the value of its products.

24    156.    Plaintiff will be harmed if, in the future, she is left to guess as to whether Old

25  Navy is providing a legitimate sale or not, and whether products are actually worth the amount

26  that Old Navy is representing.

27    157.    If Plaintiff was to purchase again from the Old Navy website without Old Navy

28  having changed its unlawful and deceptive conduct alleged herein, Plaintiff would be harmed

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE 30 OF 32

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    on an ongoing basis and/or would be harmed once or more in the future.

2        158.    The balance of the equities favors the entry of permanent injunctive relief

3    against Old Navy. Plaintiff and the general public will be irreparably harmed absent the entry

4    of permanent injunctive relief against Old Navy. Plaintiff and the general public lack an

5    adequate remedy at law. A permanent injunction against Old Navy is in the public interest. Old

6    Navy's unlawful behavior is capable of repetition or re-occurrence absent the entry of a

7    permanent injunction.

8    **PRAYER FOR RELIEF**

9        159.    In order to prevent injury to the general public, Plaintiff Anna Nemykina

10    individually requests that the Court enter a public injunction enjoining Defendants from

11    advertising false reference prices and/or false discounts;

12        160.    Further, on behalf of herself and the proposed Class, Plaintiff requests that the

13    Court order relief and enter judgment against Defendants as follows:

14            a.    Declare this action to be a proper class action, certify the Class, and

15    appoint Plaintiff and her counsel to represent the Class;

16            b.    Order disgorgement or restitution, including, without limitation,

17    disgorgement of all revenues, profits and/or unjust enrichment that each Defendant obtained,

18    directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the

19    unlawful conduct alleged herein;

20            c.    Permanently enjoin each Defendant from the unlawful conduct alleged

21    herein;

22            d.    Retain jurisdiction to police each Defendant's compliance with the

23    permanent injunctive relief;

24            e.    Order each Defendant to pay damages and restitution to Plaintiff and the

25    Class in an amount to be proven at trial;

26            f.    Order each Defendant to pay punitive and exemplary damages to the

27    extent allowed by law;

28            g.    Order each Defendant to pay attorneys' fees, costs, and pre-judgment

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **31** OF **32**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   and post-judgment interest to the extent allowed by law; and

2             h.     Provide all other relief to which Plaintiff and the Class may show

3   themselves justly entitled.

4                              **<u>JURY DEMAND</u>**

5       Plaintiff ANNA NEMYKINA, on behalf of herself and on behalf of the Class, demand

6   a trial by jury on all issues so triable.

7       DATED this 5th day of January, 2020.

8                         Presented by:

9                         HATTIS & LUKACS

10                         By: _____

11                         Daniel M. Hattis (WSBA #50428)
                        Che Corrington (WSBA #54241)

12                         Paul Karl Lukacs*
                        HATTIS & LUKACS

13                         400 108th Avenue NE, Suite 500
                        Bellevue, WA 98004

14                         Tel: 425.233.8650
                        Fax: 425.412.7171

15                         Email: dan@hattislaw.com
                        Email: che@hattislaw.com

16                         Email: pkl@hattislaw.com

17                         Stephen P. DeNittis, Esq.*
                        Shane T. Prince, Esq.*

18                         DENITTIS OSEFCHEN PRINCE, P.C.
                        5 Greentree Centre, Suite 410

19                         525 Route 73 N.
                        Marlton, New Jersey 08057

20                         Telephone: (856) 797-9951
                        Facsimile: (856) 797-9978

21                         Email: sdenittis@denittislaw.com
                        Email: sprince@denittislaw.com

22

23                         *Attorneys for Plaintiff and the Proposed Class*

24                         *\*Pro hac vice application to be submitted*

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
PAGE **32** OF 32

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

# EXHIBIT A

От: **Old Navy** <oldnavy@email.oldnavy.com>
Date: чт, 1 дек. 2016 г. в 19:59
Subject: Thank you! Your order number is TYNV6MD.
To: <█████████████████>

View in web browser.

  

NEW ARRIVALS  /  WOMEN  /  WOMEN'S PLUS  /  MATERNITY  /  MEN  /  GIRLS  /  BOYS  /  TODDLER  /  BABY

**FREE SHIPPING** ON ORDERS OF $50 OR MORE

## *thanks!* FOR ORDERING FROM **OLDNAVY.COM**

Dear **Anna Nemykina**:

We've received the order you placed on OldNavy.com. Your new items should be at your door within 8-12 business days.



- To keep an eye on your order, check your order's status or click the "Orders and Returns" link in the top right corner of OldNavy.com.

- To change or cancel your order: contact us. The time window is very small, but we'll do our best to make any adjustments.

**Page 1 of 3**

- Questions? Get answers online http://oldnavy.com/help, call 1-800-OLD-NAVY (1.800.653.6289), or email custserv@oldnavy.com anytime.

Your order summary is below. Be sure to print this email or write down your order number TYNV6MD for your records. We'll send you another email as soon as your order ships.

Thanks for shopping with us!
OldNavy.com Customer Service



## Summary for order #TYNV6MD
*Order placed 10:59:43 PM ET on Dec 01, 2016*

### Ship To



| Item Description | Size | Unit Price | Qty | Total | Return Type |
|---|---|---|---|---|---|
| 2-Piece Sleep Set for Boys Blue Bear | M | $15.00 | 1 | $15.00 | |
| 2-Piece Sleep Set for Boys Black/red Plai | L | $15.00 | 1 | $15.00 | |
| Graphic Crew-Neck Tee for Gi Oatmeal Heathe | XL | $5.00 | 1 | $5.00 | |
| Relaxed Graphic Crew-Neck Te Cranberry Cock | M | $12.00 | 4 | $48.00 | |
| Relaxed Graphic Tee for Wome Dark Steel | XS | $13.00 | 1 | $13.00 | |
| Relaxed Graphic Tee for Wome ICELANDIC MINE | S | $14.94 | 1 | $14.94 | |
| Men's DC Comics™ Superhero T Superman Shiel | XL | $14.00 | 1 | $14.00 | |
| Graphic Crew-Neck Tee for Me Bridge | XL | $12.00 | 1 | $12.00 | |
| Graphic Crew-Neck Tee for Me Dark Heather G | M | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Dark Heathered | L | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Light Heather | L | $14.94 | 1 | $14.94 | |
| Graphic Crew-Neck Tee for Me Bright White | M | $12.94 | 1 | $12.94 | |
| Graphic Crew-Neck Tee for Me Tangerine | XL | $12.00 | 1 | $12.00 | |
| Graphic Bodysuit for Baby BABY TEXT | 0-3 M | $5.00 | 1 | $5.00 | |
| Graphic Bodysuit for Baby Blue | 0-3 M | $5.00 | 1 | $5.00 | |
| Micro Fleece One-Piece for B Gray Stripe | 0-3 M | $15.00 | 1 | $15.00 | |
| Relaxed Graphic Tee for Wome Dark Steel | S | $13.00 | 1 | $13.00 | |
| Relaxed Graphic Crew-Neck Te Cranberry Cock | S | $12.00 | 1 | $12.00 | |
| Graphic Crew-Neck Tee for Me Oatmeal Heathe | XL | $14.94 | 1 | $14.94 | |
| Graphic Crew-Neck Tee for Me Ink Blue | XXL Big | $12.94 | 1 | $12.94 | |
| Relaxed Graphic Tee for Wome ICELANDIC MINE | S | $13.00 | 1 | $13.00 | |

### Summary of Charges



| | |
|---|---|
| Order Subtotal: | $293.58 |
| Promotions: | - $71.87 |
| Shipping & Handling: | Free |
| Tax: | $19.95 |
| Order Total: | $241.66 |

**Payment Info**

VISA:                              XXXXXXXXXXX█

This order summary is for your records only; it can't be used as a receipt.

To return an item in a store, you must bring the invoice included in the shipped package.
Get more details about returns and exchanges."

---

### SIGN UP FOR EMAIL

---

### THERE'S AN OLD NAVY NEAR YOU!

#### FIND A STORE

---

### SIGN UP FOR MOBILE TEXT ALERTS

---

Privacy Policy   |   Unsubscribe   |   Old Navy Card Program

If you have any questions about our privacy policy, contact our customer service center via email at custserv@oldnavy.com, or call us at 1-800-OLD-NAVY (1-800-653-6289). You may also contact us by postal mail at Oldnavy.com Customer Service, 200 Old Navy Lane, Grove City, OH 43123-8605.

If you'd rather not receive email updates from Old Navy, you can unsubscribe from our mailing list by clicking "Unsubscribe" above.

**Free shipping** is valid on orders of $50 or more shipped to a single U.S. address, after promotions and discounts are applied. Gift cards, packaging, and taxes do not qualify toward the minimum purchase requirement. Eligible customers must select this option during checkout in order to receive free shipping. Offer is subject to change without notice and excludes purchases from Gap Factory and Banana Republic Factory.

© 2016 Gap Inc.

EXHIBIT B

Daniel M. Hattis (WSBA #50428)
Che Corrington (WSBA #54241)
Paul Karl Lukacs (Pro Hac Vice forthcoming)
HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com
Email: dan@hattislaw.com
Email: che@hattislaw.com

Stephen P. DeNittis, Esq. (Pro Hac Vice forthcoming)
Shane T. Prince, Esq. (Pro Hac Vice forthcoming)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA NEMYKINA, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; THE GAP, INC.; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 2:19-cv-01958 <br><br><br> DECLARATION OF DANIEL M. HATTIS PURSUANT TO THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT <br><br> (CAL. CIVIL CODE § 1780(d)) |

DECLARATION OF DANIEL M. HATTIS
REGARDING CLRA VENUE
PAGE **1** OF **2**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    I, DANIEL M. HATTIS, hereby declare and state as follows:

2    1.    I am over the age of 18 years, I am a member in good standing of the State Bar

3    of California and the State Bar of Washington, and I am an attorney of record in this civil

4    action, in which I am representing Plaintiff Anna Nemykina. The facts contained herein are

5    based on my personal knowledge except as to facts stated upon information and belief and, as

6    to those, I believe it to be true.

7    2.    This civil action pleads a cause of action for violation of the California

8    Consumers Legal Remedies Act ("CLRA") against Defendants Old Navy, LLC, Old Navy

9    (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. (collectively,

10   the "Old Navy Defendants"). This civil action has been commenced in a county described in

11   Section 1780(d) of the California Civil Code as a proper place for the trial of the action.

12   3.    This action is being commenced in King County in the State of Washington, in

13   federal court in the Western District of Washington because King County is the county in

14   which the transaction or any substantial portion thereof occurred, and King County is a county

15   in which each of the Old Navy Defendants is doing business.

16   4.    Each of the Old Navy Defendants is doing business in King County,

17   Washington, by, without limitation, advertising and selling its goods and services on the Old

18   Navy website to Washington consumers in King County (including to Plaintiff regarding the

19   transaction which is the subject of this lawsuit), and through Old Navy and Old Navy Outlet

20   brick-and-mortar retail stores located in King County.

21

22   I declare under penalty of perjury under the laws of the State of California and the laws

23   of the State of Washington that the foregoing is true and correct.

24

25   Executed on November 30, 2019, in King County, State of Washington.

26

27   _____
     DANIEL M. HATTIS

28

DECLARATION OF DANIEL M. HATTIS
REGARDING CLRA VENUE
PAGE **2** OF **2**

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

EXHIBIT C



**HATTIS & LUKACS**
**Attorneys at Law**

**Washington Office**
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Phone: 425.233.8650
www.hattislaw.com

California Office
1401 21st Street, Ste 400
Sacramento, CA 95811

Daniel M. Hattis, Esq.
425.233.8628
dan@hattislaw.com

November 30, 2019

**<u>VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>**

Sonia Syngal, President and CEO      Robert J. Fisher, Interim CEO
Old Navy, LLC; Old Navy (Apparel), LLC; and    The Gap, Inc.; and
Old Navy Holdings, LLC             GPS Services, Inc.
2 Folsom Street                     2 Folsom Street
San Francisco, California 94105       San Francisco, California 94105

Re:      Notice of Violation of California Consumers Legal Remedies Act
         My Client: Anna Nemykina

Dear Ms. Syngal and Mr. Fisher:

       This law firm, together with DeNittis Osefchen Prince, P.C., represents Anna Nemykina, who purchased Old Navy products on Old Navy's website which Old Navy advertised with a false discount from a false and misleading reference price. We send this letter pursuant to the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq*. ("CLRA") to notify Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy Holdings, LLC; The Gap, Inc., and GPS Services, Inc. ("Old Navy") that its practice of advertising false and misleading reference prices and discounts violates the CLRA. We demand that Old Navy rectify its violations within thirty (30) days of receipt of this letter.

**<u>False Advertising Scheme.</u>**

       For years, Old Navy has perpetrated a massive false discount advertising scheme across nearly all of its Old Navy-branded products across all of its sales channels (i.e, on the Old Navy website and in all of its brick-and-mortar Old Navy and Old Navy Outlet stores). Old Navy advertises perpetual or near perpetual discounts from Old Navy's self-created list prices for the products. Old Navy represents its list prices to be the "regular" and normal prices of the items, and the list prices function as reference prices from which the advertised discounts and percentage-off sales are calculated.

       Old Navy's discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price. Old Navy invents inflated and fictitious list prices in order to enable it to advertise perpetual website-wide and store-wide "sale" events and product

November 30, 2019
Page 2

discounts to induce customers to purchase its products. Old Navy's marketing plan is to trick its customers into believing that its products are worth, and have a value equal to, the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's usual and normal selling price for the product.

**Anna Nemykina Was A Victim Of Old Navy's Scheme.**

On December 1, 2016, Anna Nemykina, a Washington State citizen and resident, visited the Old Navy website to shop for Christmas gifts for friends and family. While browsing the website, Ms. Nemykina saw prominent advertising that Old Navy was offering significant "savings" throughout its website. Ms. Nemykina searched for and viewed various clothing items, including sleep sets for boys, crew-neck tees for men and women, and bodysuits for infants. Nearly all of the products she viewed were advertised as being discounted from a reference price.

Relying on Old Navy's representations, Ms. Nemykina reasonably believed that the clothing items were normally offered and sold by Old Navy at the higher advertised list prices (i.e., reference prices). Ms. Nemykina reasonably believed that the products were worth, and had a value of, the higher stated reference prices. Ms. Nemykina reasonably believed that the advertised "sale" prices represented a special bargain, where Old Navy was temporarily offering the clothing products at a significant discount from the regular and normal selling prices for the products. Relying on Old Navy's representations, Ms. Nemykina added the products to her online shopping cart and then purchased the products. Ms. Nemykina designated the shipping address for the entire order to be the address of a relative in California to whom she would soon be traveling and with whom should would be staying during the holiday season. Attached as **Exhibit A** is a copy of the email receipt of the order which lists the items purchased, with personal information redacted.

However, Old Navy's representations and advertised discounts were false and deceptive. In reality, and unbeknownst to Ms. Nemykina, Old Navy had never or almost never offered the products at the higher purported "regular" prices Old Navy advertised on its website for the products. Old Navy had fooled Ms. Nemykina. The clothing items she purchased were not in fact worth the value that Old Navy had led her to believe. Contrary to Old Navy's representations, Ms. Nemykina did not receive any deal at all; the prices she paid for the clothing items were in fact approximately equal to Old Navy's usual and normal selling prices for the items.

**CLRA Violations.**

Old Navy's nationwide fraudulent advertising scheme harms consumers like Anna Nemykina by causing them to pay more than they otherwise would have paid and to buy more than they otherwise would have bought. Customers do not enjoy the actual discounts Old Navy represents to them, and the products are not in fact worth the inflated amount that Old Navy represents to them (i.e., the products are not actually worth the fictitious and invented list price).

Old Navy's material misrepresentations, active concealment, and failures to disclose violated the CLRA in the following manner:

November 30, 2019
Page 3

1.   Old Navy misrepresented that its products had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

2.   Old Navy advertised its products with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

3.   Old Navy made false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770(a)(13)); and

4.   Old Navy represented that its products were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)).

**Demand.**

We demand that within thirty (30) days of receiving this letter, Old Navy agree to: (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) compensate all Washington State citizens who purchased purportedly discounted products from the Old Navy website. If Old Navy refuses to provide the demanded relief within thirty (30) days, we will seek compensatory and punitive damages, restitution, and any other appropriate equitable relief under the CLRA. To be clear, this demand is being made by our client on a class-wide basis on behalf of a class of Washington citizens who purchased products from Old Navy's website which were advertised with a reference price or discount. Any individual offers for relief to Ms. Nemykina will not be adequate or sufficient.

If you have any questions regarding this notice and demand, feel free to contact me at (425) 233-8628 or dan@hattislaw.com.

Very truly yours,

Daniel M. Hattis

cc:  Stephen P. DeNittis, Esq.

# EXHIBIT D

**EXHIBIT D**





# USPS Tracking®

**FAQs >**

## Track Another Package ✛

**Tracking Number:** 70190140000116298012                    Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 11:19 am on December 6, 2019 in SAN FRANCISCO, CA 94105.

## ⊘ Delivered

December 6, 2019 at 11:19 am
Delivered, Front Desk/Reception/Mail Room
SAN FRANCISCO, CA 94105

Feedback

### Text & Email Updates                                                   ⌄

### Tracking History                                                       ⌃

**December 6, 2019, 11:19 am**
Delivered, Front Desk/Reception/Mail Room
SAN FRANCISCO, CA 94105
Your item was delivered to the front desk, reception area, or mail room at 11:19 am on December 6, 2019 in SAN FRANCISCO, CA 94105.

**December 5, 2019, 1:54 am**
Departed USPS Regional Destination Facility
SAN FRANCISCO CA DISTRIBUTION CENTER

**December 4, 2019, 3:02 am**
Arrived at USPS Regional Destination Facility

SAN FRANCISCO CA DISTRIBUTION CENTER

**December 3, 2019, 7:23 am**
Departed USPS Regional Facility
SEATTLE WA DISTRIBUTION CENTER

**December 2, 2019, 11:20 pm**
Arrived at USPS Regional Origin Facility
SEATTLE WA DISTRIBUTION CENTER

**December 2, 2019, 6:10 pm**
Departed Post Office
BELLEVUE, WA 98005

**December 2, 2019, 12:41 pm**
USPS in possession of item
BELLEVUE, WA 98005

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**