Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA NEMYKINA, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br>Plaintiff,<br>v.<br>OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; THE GAP, INC.; and DOES 1-20, inclusive,<br>Defendant. | No.: 2:19-cv-01958 BJR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiff Anna Nemykina brings this putative class action lawsuit against Defendants Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc. ("Old Navy" or, collectively, "Defendants"), asserting several causes of action under California and Washington law. She has claimed that Defendants engage in a deceptive practice of advertising items at a claimed "discount" or sale price, when in reality many of those items are "rarely if ever" offered at a higher original price, and that she purchased a number of items in reliance on these representations.

This order pertains to Defendants' Motion to Dismiss all claims. In her Response, Plaintiff concedes California law does not apply and consents to dismissal of all California

claims, leaving only her two Washington claims, brought under the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ("CPA"). In their Motion, Defendants argue that Plaintiff's CPA claims should be dismissed because the heightened standard for pleading fraud with particularity applies, and Plaintiff's allegations lack the requisite specificity. Defendants also argue that Plaintiff's request for restitutionary and injunctive relief under the CPA should be dismissed, arguing these equitable remedies are not available under the facts alleged.

The Court has reviewed the parties' briefs and the Complaint, and the relevant case law, and denies Defendants' Motion to Dismiss for the following reasons.

## II.   FACTUAL BACKGROUND

Plaintiff Anna Nemykina alleges that on December 1, 2016, she visited the Old Navy website to shop for Christmas presents. First Am. Compl. ("FAC"), Dkt. No. 14, ¶ 51. She claims that "[n]early all of the products she viewed [on the website] were advertised as being discounted from a reference price." FAC ¶51.[1] Based on these representations, she claims she "reasonably believed that the clothing items were normally offered and sold by Old Navy at the higher advertised list prices" and "that the products were worth, and had a value of, the higher stated reference prices." Believing she was receiving a "special bargain," she purchased 21 items. *Id.* ¶ 52. According to subsequent investigation of her counsel, however, and unbeknownst to Plaintiff at the time of her purchases, Defendants "rarely or never" offer their products for sale at the higher reference price. This "false discounting scheme" harmed the Plaintiff, she claims, by inducing her to "pay more than she otherwise would have paid and to buy more than she otherwise would have bought." *Id.* ¶¶ 32, 59.

Plaintiff's claims are brought on behalf of herself and "[a]ll residents of the State of Washington who, within the applicable limitations period, purchased from the Old Navy

---

[1] The parties use the phrase "reference price" to mean the higher original or regular price at which an item is offered for sale, in reference to which a discount price is calculated (*e.g.* the sale price may be 30% off the original reference price).

2

website one or more products which was advertised or promoted by displaying or disseminating a reference price or discount." *Id.* ¶ 65. She seeks damages, restitution, attorneys' fees, and a permanent injunction, enjoining Defendants from "advertising false reference prices and/or false discounts." *Id.* ¶¶ 159-60.

### III.   DISCUSSION

#### A.  Standard on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Upon a motion by a defendant, dismissal is appropriate if the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss under Rule 12(b)(6), the Court will accept all of plaintiff's plausible allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

#### B.  Washington Consumer Protection Act Claims

##### 1. *Plaintiff Must Plead Her CPA Claims Sounding in Fraud with the Specificity Required Under Fed. R. Civ. P. 9(b)*

Defendants seek dismissal of Counts I and II of the Complaint brought under the CPA, arguing they fail to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). That rule provides that "a party must state with particularity the circumstances constituting fraud." Thus the first question raised by the motion is whether this standard—or the more lenient standard under Rule 8(a)(2) requiring only a "short and plain statement of the claim"—applies to Plaintiff's CPA claims.

While not all claims brought under the Washington CPA must be pled with the specificity prescribed by Rule 9(b), CPA claims that allege and depend upon a "unified course

of fraudulent conduct" as the basis of the claims "sound in fraud," and must be averred with particularity. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003 ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."); *Vernon v. Qwest Commc'ns Int'l, Inc.,* 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009) (Rule 9(b) may apply to CPA claims containing "allegations of either an intent to deceive or an overarching fraudulent scheme.").

Here, Plaintiff repeatedly invokes claims of fraud, and states that Defendants' pricing was an "overarching fraudulent scheme" that Defendants employed as part of a "marketing plan." *See, e.g.,* FAC ¶ 4 (alleging that "Old Navy's nationwide fraudulent advertising scheme harms consumers like Plaintiff Anna Nemykina"); *id*. ¶ 83 ("Defendants' false reference pricing scheme fraudulently increased demand from consumers, enabling Defendants to charge higher prices than they otherwise could have charged."); *id*. ¶ 85 ("The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct."). Plaintiff's claims rely entirely on these allegations of a "unified course of fraudulent conduct," and therefore are subject to Rule 9(b)'s heightened particularity requirement. *Vess*, 317 F.3d at 1103–04.

Moreover, Plaintiff is not merely claiming that Defendants engaged in an act that had a *capacity* to deceive (which presumably would not require pleading with heightened specificity); Plaintiff here repeatedly accuses Defendants of having the *knowledge* and *intent* to deceive their customers, inducing those customers into buying and paying more for their goods than they otherwise would have. *See* FAC ¶ 104 ("The unlawful methods, acts or practices alleged herein to have been undertaken by Old Navy were all committed intentionally."); *id*. ¶ 123 ("Old Navy, with intent directly or indirectly to dispose of personal property . . . or to induce the public to enter into any obligation relating thereto, makes . . . statements concerning

4

that personal property . . . which are untrue or misleading and which are known (or which by the exercise of reasonable care should be known) to be untrue or misleading."). This case is thus distinguishable from *Grigsby*, the case on which Plaintiff relies, in which Rule 9(b) did not apply because the plaintiff's CPA claim did not aver the defendant's intent to deceive. *See Grigsby v. Valve Corp.*, 2013 WL 12310666, at *3 (W.D. Wash. Mar. 18, 2013), *quoting Vernon*, 643 F. Supp. 2d at 1265 ("Although fraud or intentional misrepresentation may be 'one of the many possible unfair or deceptive acts for which a consumer may seek relief under consumer protection statutes,'" Rule 9(b) does not apply when the plaintiff "has not alleged fraud as an element of his WCPA claim or 'grounded' his WCPA claim in fraud."). Rule 9(b) therefore applies to Plaintiff's CPA claims sounding in fraud.

        2. *Plaintiff's Allegations Are Sufficiently Specific*

Having determined that Plaintiff must plead her fraud-based CPA claims with heightened specificity, the Court next evaluates whether Plaintiff here has done so. The standard under Rule 9(b) is that fraud allegations must "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. . . . Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2004) (citations omitted). The purpose of Rule 9(b) is "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id*. at 1125.

Defendants challenge the sufficiency of allegations relating to two elements of Plaintiff's CPA claim, arguing Plaintiff has failed to allege sufficient details related to both the

5

alleged (1) unfair or deceptive practices, and (2) injury to property.[2] The Court finds that Plaintiff has sufficiently pled the "who, what, when, where, and how" required under Rule 9(b), giving Defendants "adequate notice to allow them to defend the charge." *Kearns*, 567 F.3d at 1125. The Court addresses each of the two elements in turn.

    *a. Plaintiff Has Alleged Unfair or Deceptive Practices With Sufficient Particularity*

Defendants complain generally that Plaintiff has failed to allege specific facts supporting a primary element of the CPA: that Defendants engaged in an unfair or deceptive act. Ultimately, however, they point to only a few aspects of Plaintiff's allegations that they claim are too vague and require more detail. First, Defendants argue that Plaintiff's allegations are insufficient because she "does not provide any evidence regarding what the supposed references prices were" of any of the 21 items she claims to have purchased. Mot. at 13. As an initial matter, a plaintiff is not required to proffer evidence at the pleading stage, even for fraud; plausible allegations will suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556. Furthermore, Plaintiff has clearly alleged that the reference prices were higher than the claimed sale prices she paid, and that Defendants represented to her that she had saved a total of 24.5% off the original prices. Ex. A to FAC. The exact dollar amount of the 21 reference prices is not critical to understanding her claims, and furthermore is a simple, discrete fact most certainly in Defendants' possession, easily discoverable. No further specificity is required to enable Defendants to make a meaningful denial.

Second, Defendants argue that Plaintiff does not allege what about the reference prices was "false or misleading," or "how those supposed references prices were worded such that one would assume they mean what she vaguely claims she understood them to mean." Mot. at 3. This argument borders on frivolous. Plaintiff clearly and at length alleges that "Old Navy's

---

[2] To establish a claim under the CPA, a plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in the conduct of trade or commerce, (3) that impacted the public interest, (4) causing injury to plaintiff's business or property, and (5) a causal link between the unfair or deceptive act or practice and the injury. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784–93 (1986).

6

discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price." FAC ¶ 3. Plaintiff goes on to elaborate: "Old Navy invents inflated and fictitious list prices in order to enable it to advertise perpetual website-wide and store-wide "sale" events and product discounts to induce customers to purchase its products. Old Navy's marketing plan is to trick its customers into believing that its products are worth, and have a value equal to, the inflated list price, and that the lower advertised sale price represents a special bargain—when in reality and unbeknownst to the customer, the "sale" price is approximately equal to Old Navy's usual and normal selling price for the product." FAC ¶ 3. Whether the reference prices were worded as "original" or "regular" is not critical to Defendants' ability to investigate Plaintiff's allegations relating to the claim that the pricing was misleading and, if appropriate, deny them. While most of the allegations in the Complaint are not made in direct reference to Plaintiff's discrete purchase of 21 items, but to Defendants' store-wide pricing practices more generally, Plaintiff's allegation that those practices are pervasive (if not ubiquitous) easily raises the inference that the practices also relate to her specific purchase.

Finally, Defendants argue vaguely that Plaintiff fails to allege "any statement made by Defendants that was untrue or misleading." Mot. at 13. Again, however, it is abundantly clear that the "statements" that Plaintiff is claiming Defendants made were that the items she purchased were originally offered for sale at a higher price, and were now being offered to her at a discount, and that this representation was false and misleading. *See, e.g.,* FAC ¶ 3 ("Old Navy's discounts and reference prices are false, because Old Navy rarely if ever offers the products at the advertised list price"); *id.* ¶ 4 (Defendants' "products are not in fact worth the inflated amount that Old Navy represents to [customers]" represented by the purported original list price). Furthermore, Plaintiff has specifically alleged she observed and relied on the pricing representations. FAC ¶ 51. ("While browsing the website, Ms. Nemykina saw prominent advertising that Old Navy was offering significant "savings" throughout its website. . . . Nearly

7

all of the products she viewed were advertised as being discounted from a reference price. [Ms.] Nemykina viewed a strike-through reference price for the items, alongside a lower "sale" price."). It is not apparent what additional detail or clarity Defendants could be demanding, particularly at this early stage of the proceedings. Plaintiff has provided sufficient detail regarding the alleged unfair or deceptive practices to enable Defendants to investigate her allegations and, to the extent appropriate, deny them.

      *b. Plaintiff Has Alleged Her Injury With Sufficient Particularity*

Old Navy also argues that Plaintiff's Complaint fails to meet the heightened pleading standard regarding her claimed injury—one of the elements of her CPA claim—because "Plaintiff does not allege that she would not have made the purchases" had Defendant not misrepresented the items' value. Mot. at 14.

This argument lacks merit as well. Plaintiff has alleged that "[t]he clothing items she purchased were not in fact worth the list prices that Old Navy had led her to believe. Contrary to Old Navy's representations, Ms. Nemykina did not receive any deal at all." FAC ¶ 54. Furthermore, while stated somewhat equivocally, Plaintiff in fact explicitly alleges that if she "had known the truth," *i.e.* that the items had never or rarely been offered at the higher "original" price, "she would have acted differently and/or would not have purchased the products from Old Navy." FAC ¶ 56.[3] She plainly alleges her injury: "Old Navy's false advertising harmed Ms. Nemykina by causing her to pay more than she otherwise would have paid and to buy more than she otherwise would have bought." *Id.* ¶ 59. Inducing a plaintiff into spending money she otherwise would not have spent, based on a misrepresentation, is clearly a

---

[3] Defendants may be right that evidence merely that Plaintiff would have "acted differently," without more, would ultimately not establish a cognizable injury. For purposes of evaluating the merits of the motion to dismiss, however, the Court is bound to resolve the ambiguity in this phrasing in Plaintiff's favor, and interprets the allegation as Plaintiff claiming she would not have purchased some or all the items at the prices she paid had she known they had not been offered at the higher price.

cognizable injury, which even under Rule 9(b) Plaintiff has sufficiently pled to survive a motion to dismiss.

### 3. *Availability of Equitable Remedy*

Defendants seek dismissal of Plaintiff's request for equitable remedies. The equitable remedies Plaintiff seeks as outlined in the Complaint include (1) "a public injunction enjoining Defendants from advertising false reference prices and/or false discounts;" (2) "disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that each Defendant obtained, directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the unlawful conduct alleged herein;" and (3) "restitution to Plaintiff and the Class in an amount to be proven at trial." FAC ¶ 160.

In their opening brief, Defendants make three arguments, which the Court addresses in turn. First, Defendants argue that "Plaintiff's claims for a restitutionary remedy fail because Plaintiff alleges no facts that the clothing she purchased was worth less than what she paid." Mot. at 15. This is not, however, sufficient reason to dismiss Plaintiff's claim for restitution, which is available even where a plaintiff has not suffered a loss, if a defendant has wrongfully gained a benefit. *See* Restatement (First) of Restitution § 1 (1937)(where "a benefit has been received by the defendant but the plaintiff has not suffered a corresponding loss or, in some cases, any loss, but nevertheless the enrichment of the defendant would be unjust . . . the defendant may be under a duty to give to the plaintiff the amount by which he has been enriched."). As discussed above, Plaintiff alleges that she was induced to purchase more than she would have, and at a higher price, in reliance on Defendants' alleged misrepresentations. To the extent she is able to prove these allegations, she may be entitled to restitution of the amounts unlawfully gotten by these misrepresentations.

Second, Defendants argue that "Plaintiff does not have Article III standing to pursue injunctive relief because she cannot allege imminent future harm." Mot. at 15. Defendants are essentially arguing that since Plaintiff is now aware of their pricing practices, she is not at risk

of being fooled in the future. Mot. at 16 ("Plaintiff remains fully aware of Defendants' purportedly wrongful conduct so that she is no longer realistically threatened by a repetition of the alleged violation."). The Ninth Circuit has squarely rejected this argument. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) ("We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm."). The future harm from which Plaintiff seeks protection is not being deceived; it is being unable to rely on honest pricing practices. *See* FAC ¶ 62 (alleging "Ms. Nemykina will be harmed if, in the future, she is left to guess as to whether Old Navy is providing a legitimate sale or not"); *see Davidson*, 889 F.3d at 970 ("[T]he threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.").

Finally, Defendants argue that Plaintiff's claims for equitable relief under the CPA should be dismissed "because she may have an adequate remedy at law and her claims for equitable relief rely on the same facts as would any claims for legal relief." Mot. at 16. This argument fails because, as Plaintiff points out, the statute itself provides that legal and injunctive remedies may be available simultaneously. *See* RCW 19.86.090 ("Any person who is injured in his or her business or property by a violation of [the CPA] . . . may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.").

For the foregoing reasons, the Court denies Defendants' request to dismiss Plaintiff's request for injunctive relief.

## IV. CONCLUSION

Plaintiff has included in her Complaint allegations sufficient to withstand Defendants' Motion to Dismiss, which therefore is hereby DENIED.

DATED this 15th day of May, 2020.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge